STATE EX REL. WALKER *v.* YOUNGBLOOD, JUDGE.

[No. 28,385. Filed November 19, 1945.]

__Henry Walker, *pro se*, and *James C. Cooper*, of Rushville, for relator.

Nat H. Youngblood, *pro se*, for respondent.

YOUNG, J.—Relator has filed a petition with us asking that respondent be mandated to appoint competent counsel to represent relator on appeal from a judgment in a criminal case and to furnish transcript and necessary bill of exceptions for use upon such appeal, and for reasonable extension of time within which to perfect said appeal. It appears from relator's verified petition that he is a poor person and that on July 28, 1947, the trial court so found in an order permitting relator to file his motion for a new trial after the statutory time had expired.

It appears from relator's petition that he was convicted of forgery in the Vanderburgh Circuit Court on February 27, 1947, and that he was sentenced to the Indiana State Prison and was delivered there within two days after his conviction. He alleges that subsequent to the verdict he requested his trial counsel to file a motion for a new trial, but that trial counsel failed to do so; that he learned of such failure after the time for filing motion for a new trial under the statute had expired, whereupon he himself prepared a motion for a new trial.

The court permitted said motion for a new trial to be filed long after the statutory time for filing such motion had expired and designated the county pauper attorney to represent defendant. The motion for a new trial was overruled. Thereafter relator filed his verified

petition for appointment of counsel to represent him upon appeal and for transcript and bill of exceptions to be used upon appeal. This petition was denied.

The purpose of this action is to secure the mandate of this court to compel the Vanderburgh Circuit Court to appoint competent counsel to represent relator on appeal of said case and to furnish transcript of the record and all necessary bills of exceptions necessary to perfect an appeal to this court.

A convicted defendant in a criminal case in Indiana has a right to counsel at every stage of the proceedings, including the proceedings by which he may seek a review for error by appeal and it is the duty of the court to appoint competent counsel for him if he is a poor person. *State ex rel., White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 578, 34 N. E. (2d) 129. For the same reasons, if appointed counsel finds bills of exceptions and transcript necessary, they should be furnished without cost to the pauper defendant.

It is important in the matter before us, however, to consider that the state has provided a state public defender "to represent any person in any penal institution in this state who is without sufficient property or funds to employ his own counsel, in any matter in which such person may insist he is unlawfully or illegally imprisoned, after his time for appeal shall have expired." Acts of 1945, ch. 38, p. 81. The time for appeal which the legislature had in mind in this statute is the time allowed in the course of ordinary procedure. It is true that by extraordinary procedure courts have an inherent right to grant a new trial, where the ends of justice require, even though a motion for same has not been filed within the statutory period, 46 C. J. 283, 286; *Cleveland etc., R. Co.* v. *Miller* (1905),

165 Ind. 381, 392, 74 N. E. 509; *Indianapolis Life Ins. Co.* v. *Lindquist* (1944), 222 Ind. 359, 371, 53 N. E. (2d) 338. It was in the exercise of this inherent right that the trial court in the matter before us permitted the late motion for a new trial to be filed and considered and ruled upon same. This extended the time for appeal for the statutory period after the ruling upon the extraordinary motion for a new trial, but did not take defendant out of the state public defender act. The late motion for a new trial was filed on July 28, 1947. At that time his time for appeal had expired and he was eligible under the statute to avail himself of the services of the state public defender. The extraordinary procedure that followed did not effect this eligibility and he continued to have and still has the right to the services of the state public defender, who can stipulate facts in lieu of a bill of exceptions, or obtain bill of exceptions, if satisfactory stipulation is impossible, at the state's expense. This being true, we are not disposed to mandate the respondent to appoint some one else or to furnish bill of exceptions and transcript, and it is not necessary that we do so to assure to him his constitutional right to counsel.

The petition in this action was received by the Clerk of this court within 90 days after ruling upon his motion for a new trial. There has been delay in disposing of it which should not be allowed to prejudice his right to appeal. Therefore, relator's time for perfecting his appeal is extended to and including March 1, 1948.

Mandate denied.

NOTE.—Reported in 75 N. E. (2d) 551.