BARRETT *v.* STATE OF INDIANA.

[No. 28,877.   Filed April 30, 1952.]

534

T. *Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor,* and *William T. McClain,* Deputy Attorneys General, and *Elliott Hickam,* Prosecuting Attorney, Owen County, for appellee.

JASPER, J.—This is an appeal from the denial of a verified application for permission to file a belated motion for a new trial.

Appellant was convicted of first degree arson on February 19, 1951, after a trial by jury. He was represented in the trial by two attorneys. The time for filing motion for a new trial expired March 21, 1951. On October 18, 1951, appellant filed his verified petition for permission to file a belated motion for new trial. An answer was filed by the State of Indiana under our Rule 1-3. On December 13, 1951, appellant was ordered returned from the Indiana State Prison for the purpose of giving evidence on his petition. On January 8, 1952, the court heard the evidence and argument of counsel, after which the petition was denied.

The sole assignment of error properly before this court is the denial of appellant's petition for permission to file a belated motion for new trial.

The evidence which was introduced on the petition was conflicting, and shows, among other things, that immediately after the trial one of the attorneys talked

with appellant in regard to filing a motion for a new trial, and that ten days after judgment was entered a letter was sent to appellant by one of his attorneys, which was delivered to him on March 2, 1951. Appellant made no effort to contact his attorneys, the court, or the public defender, or to personally file a motion for a new trial.

Section 9-1903, Burns' 1942 Replacement, requires that a motion for a new trial be filed within thirty days from the date of the verdict or finding. However, trial courts have an inherent right to grant a new trial, where the ends of justice require, even though a motion for a new trial has not been filed within the statutory period. See *State ex rel. Walker* v. *Youngblood* (1947), 225 Ind. 375, 75 N. E. 2d 551; *Walker alias Walters* v. *State* (1948), 226 Ind. 552, 82 N. E. 2d 245; *Joseph* v. *State* (1951), 229 Ind. 496, 99 N. E. 2d 244. It is necessary that an appellant show, through happenings or events which have no connection with the actual trial, and which have not been brought about by the fault of the litigant, that his time for filing such motion has expired, and that, because of the happenings or events, it was impossible for him to perfect the record for an appeal. *Joseph* v. *State, supra; Walker alias Walters* v. *State, supra.* Whether or not appellant was diligent in attempting to file his motion for a new trial is a question of fact for the trial court. *Irvin* v. *State* (1942), 220 Ind. 228, 41 N. E. 2d 809. The determination of whether diligence has been established rests in the sound discretion of the trial court, subject to review by this court on appeal. *State ex rel. McManamon* v. *Hancock Circuit Court* (1950), 228 Ind. 90, 89 N. E. 2d 545. The burden of proof was appellant's. He failed to sustain such burden.

The trial court did not err in overruling appellant's petition for permission to file a belated motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 105 N. E. 2d 508.