### HALEY *v*. STATE OF INDIANA

[No. 29,284.   Filed April 18, 1956.]

334

*Patrick E. Chavis, Jr.,* and *Willard B. Ransom,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

LANDIS, J.—Appellant was convicted after a jury trial of second degree murder for which he was sentenced to life imprisonment. He appeals from the judgment assigning as error the overruling of his motion for a new trial.

Appellant first contends the verdict is not sustained by sufficient evidence and is contrary to law, and claims the evidence is insufficient to establish the necessary elements of second degree murder, in that there was no evidence of a purposeful and malicious killing of decedent by appellant.

The evidence most favorable to appellee (The State) shows decedent was mortally wounded by stabbing with a knife, shortly after midnight on November 7, 1953. Appellant admits a controversy between himself and decedent in an automobile in which deceased, his brother, and appellant, were seated at the time in question; that deceased told appellant to get out of the car, but he didn't do so; that appellant slashed out at decedent with his (appellant's) knife, which the evidence indicated had a four inch blade; that deceased, in said altercation, struck appellant over the head with a beer bottle. Deceased was stabbed twice in the upper left chest; an autopsy showed the point of the blade pierced the heart, and that from such

wound decedent died in a very short time. Appellant had told a cab driver, at about 10:00 p. m., shortly before the incident, in substance, that he (appellant) would have to have some money; that if he could get inside a car, he would get some money or put the cold steel on somebody. That appellant told the cabby about 1:00 A. M., shortly after the incident, that "he had just got a Son of Bitch," that "he got in the car with two of them and he could not get out and he went to one of them in the chest with his knife." That he got to one of them with his knife in the chest; that "one of them hit him in the head with a beer bottle before he could get out of the car." (R. pp. 180-190). That appellant further said, "he should have killed the bastard." Decedent's brother, the other occupant of the car, was admittedly uninjured.

The foregoing evidence and the reasonable inferences therefrom, were sufficient to entitle the jury to conclude that decedent was mortally wounded by a deadly weapon held in appellant's hand.

It is a well settled legal principle that malice may be inferred from the intentional use of a deadly weapon in such a manner as likely to cause death. *May* v. *State* (1953), 232 Ind. 523, 112 N. E. 2d 439; *Landreth* v. *State* (1930), 201 Ind. 691, 171 N. E. 192; *Dundovich* v. *State* (1921), 190 Ind. 600, 610, 131 N. E. 377.

In the case before us, the jury might reasonably have concluded there was intentional use of a deadly weapon in a manner likely to, and which did, actually cause death. Under such circumstances malice could be inferred, unless such use was in self defense, or upon sudden heat occasioned by adequate provocation. *Dundovich* v. *State, supra* (1921), 190 Ind. 600, 610, 131 N. E. 377; *McDermott* v. *State* (1883), 89 Ind.

187; *Brown* v. *State* (1897), 147 Ind. 28, 33, 46 N. E. 34; *Bridgewater* v. *State* (1899), 153 Ind. 560, 55 N. E. 737; *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568.

No contention is made by appellant that the stabbing was done in self defense, but appellant claims that a killing in combat which engenders hot blood is not murder, in the absence of purpose and malice concurring in the act. The evidence favorable to appellee indicates the trouble started in the car when decedent would not give appellant money he asked for, and when he told appellant to get out of the car, which appellant did not then do. Malice on the part of appellant in stabbing the decedent may be inferred from the circumstances, including the statements he made to the cab driver shortly before the killing, which have been previously set forth.

All these circumstances in evidence before the jury, were evidence not only of malice, but of premeditation on the part of appellant; and the jury, upon the basis of such evidence and the inferences therefrom, could properly find the appellant guilty of second degree murder.

Appellant next complains under grounds four and six of the supplemental motion for new trial of:

"4. Irregularities in the proceedings of the court or jury and or abuse or discretion by which the defendant was prevented from having a fair and impartial trial in violation of his constitutional rights in this to-wit:

"a. That the defendant was represented by counsel incompetent to try said cause; that the record of said cause shows that the State of Indiana obtained the admission of a certain confession by cross examination of the defendant which had theretofore been suppressed by the court, without objection, by the attorney for the defendant;

that the court knew or should have known that the said attorney did not object thereto because of a gross inability and incompetence to try said cause and that the defendant was prejudiced and prevented from fairly presenting his defense because of said inability and incompetence.

. . .

"6. Irregularities in the entire proceedings of the court in that the court knew or should have known that the incompetence of the defendant's attorney in the entire trial of said cause was so great that the defendant was prejudiced and prevented from having a fair and impartial trial of said cause, and knowing this the court should have withdrawn the submission of said cause."

Appellee (The State) contends these specifications of the supplemental motion for new trial are not properly before the court as such supplemental motion was not filed until thirty-three days after the verdict of the jury, and the same was, therefore, filed too late. Citing: *Walker* v. *State* (1948), 226 Ind. 552, 554, 82 N. E. 2d 245. We recognize the well established authority cited by appellee, and that authority states the correct rule. See: *Grecu* v. *State* (1954), 233 Ind. 464, 120 N. E. 2d 179.

However, in view of the seriousness of the crime with which appellant is charged, and the alleged circumstances set forth in these specifications, we are inclined to examine these additional specifications of the supplemental motion for new trial in order to dispose of them finally.

See: *Hicks* v. *State* (1938), 213 Ind. 277, 306, 11 N. E. 2d 171, 12 N. E. 2d 501; *Stephenson* v. *State* (1933), 205 Ind. 141, 196, 179 N. E. 633, 186 N. E. 293.

As above set forth, appellant contends that at the trial "he was represented by counsel incompetent to

try said cause; that the record shows the State of Indiana obtained the admission of a certain confession by cross-examination of defendant without objection by appellant's attorney, which confession had been previously suppressed by the court." What are the facts?

The State of Indiana offered in evidence as a part of its case in chief, a certain written statement or confession purportedly typed and signed by appellant. After hearing evidence as to the circumstances under which the statement was taken, the court sustained the objection of appellant's attorney and excluded said alleged written confession.

After the State had rested, and during the introduction of evidence on behalf of appellant, it appears that on cross-examination appellant was asked questions by the State of Indiana as to his alleged part in the commission of the crime charged. Appellant was asked certain questions as to matter contained in the alleged written confession. Appellant replied in substance, that he was forced to make statements in the written confession, and that the confession was dictated by the officers and typed by appellant after they had placed appellant in fear and had kicked and beaten him; that the written confession had been "thrown out" by the court.

At no time was the written confession, previously suppressed by the court, actually introduced in the case. From our examination of this evidence we are unable to say that appellant was necessarily prejudiced by this testimony concerning the written confession and the methods under which it was obtained, but if such cross-examination had any effect on the jury, it may have been to aid appellant by impressing on the jury the force allegedly used on appellant by the officers.

in attempting to get him to confess, especially when the court had excluded and suppressed the written confession taken under such circumstances.

However, even if we should conclude from an examination of the record that appellant's trial counsel made errors of judgment at the trial of this cause, we could not conclude therefrom that such conduct constituted incompetency on the part of counsel. Even the best of attorneys may, during the course of a trial, make decisions which may later appear to be mistakes in judgment. They are the natural result of the imperfections of man, and are circumstances which cannot be avoided, but must be expected. As the court said in *Hendrickson* v. *State* (1954), 233 Ind. 341, 344, 118 N. E. (2d) 493, 495, "We cannot 'second guess' a trial attorney and reverse a case simply because some other attorney might, under the attending circumstances, have pursued a different course."

Appellant has not called to our attention any other particular respect in which appellant's trial attorney was incompetent, and we are not able to conclude such counsel was incompetent upon appellant's bare *ex parte* general statements to such effect. However, nevertheless, we have carefully gone over the record of this case in an effort to find any such incompetence as may have existed, but we are unable to find any indication of the same.

As we are unable to perceive how any right or protection afforded appellant by our laws has been violated, we must hold against appellant as to his contentions in this respect.

No error appearing in the record, the judgment of the trial court is affirmed.

Arterburn, Achor and Emmert, J. J., concur.

Bobbitt, C. J., concurs in result.

NOTE.—Reported in 133 N. E. 2d 565.