330 P.2d 1088

**STATE of Arizona, Appellant,**

v.

**Arthur Ray HILL, Appellee.**

No. 1114.

Supreme Court of Arizona.

Nov. 5, 1958.

50

Robert Morrison, Atty. Gen., Charles C. Stidham, County Atty., Lawrence C. Cantor, Deputy County Atty., Phoenix, for appellant.

Flynn & Allen, Phoenix, for appellee.

UDALL, Chief Justice.

This is an appeal by the State of Arizona, in a criminal case, from an order of the superior court granting Arthur Ray Hill's (defendant-appellee's) motion for a new trial.

By an information containing two counts the State charged defendant with (1) murder in the first degree of one Harold Joseph Kline, (2) assault with intent to commit murder on the person of Estel Cummings. The matters were jointly tried to a jury and on September 19, 1957, verdicts were rendered finding defendant guilty on count No. 1 of murder in the second degree, and guilty as charged on the second count.

In all the defendant filed three separate motions asking for a new trial, which may be summarized as follows:

The first motion was filed September 26, 1957 (seven days after the verdicts) upon the following statutory grounds: (1) misconduct of the county attorney in the prosecution of the action, (2) that the court had erred in its rulings upon matters of law arising during the course of the trial, and (3), the jury had been misdirected as to the law governing the case.

The second motion, in substance, was based upon the grounds of asserted newly-discovered evidence.

The last motion in effect supplements the first one, i. e., the grounds stated are that defendant did not receive a fair and impartial trial due to no fault of his own. Affidavits were filed both in support of and in opposition to said motions and an effort was made by defendant to excuse the delay in filing.

The pertinent Rules of Criminal Procedure, Chapter XVIII, under the heading Motion for New Trial, 17 A.R.S., are:

"Rule 307. Granting new trial

"When a verdict has been rendered against the defendant, or the defendant has been found guilty by the court, the court on motion of the defendant, or on its own motion with the consent of the defendant, may grant a new trial."

"Rule 308. Time for making motion

"A motion for a new trial may be made *only within three days after the rendition of the verdict* or the finding of the court, unless the ground of the motion is newly discovered evidence as provided in Rule 310, in which event the motion may be made within one year after the rendition of the verdict or the finding of the court, or at a later time if the court for good cause permits."

"Rule 311. Grounds for new trial involving prejudice of substantial rights of defendant

"A. The court shall grant a new trial if any of the following grounds is established, provided the substantial rights of the defendant have been thereby prejudiced:

\* \* \* \* \* \*

"5. That the county attorney has been guilty of misconduct.

"6. That the court has erred in the decision of any matter of law arising during the course of the trial.

"7. That the court has misdirected the jury on a matter of law or has refused to give a proper instruction which was requested by the defendant.

"B. The court shall also grant a new trial when from any other cause not due to his own fault the defendant has not received a fair and impartial trial."

Inasmuch as the trial court apparently took no stock in the second motion—based upon newly discovered evidence—and did not predicate its ruling thereon (see, infra), we need not further consider it.

A hearing was had on the motions for new trial and at the conclusion thereof the court apparently became convinced that it had the "inherent power" to grant a motion for new trial even though the rules as to the timely filing of such a motion had not been complied with. We quote from the Reporter's Transcript:

(p. 543) The Court: "The court feels according to those cases, the Court has that power to inquire or to hear the motion for new trial. This Court isn't interested too much on newly discovered evidence, but the Court did go into the question—I am interested in the motion for a new trial on the grounds urged for a new trial, that is, where the County Attorney was guilty of misconduct during the prosecution, and that the Court erred in decisions in

matters of law arising during the course of the trial. * * *"

* * * * * *

(p. 551) "It is ordered that the motion for a new trial be and the same is hereby granted on the ground that the substantial rights of the defendant have been prejudiced, and the misconduct of the County Attorney in putting certain impeaching questions on cross-examination to the defendant, Arthur Ray Hill, and the failure thereafter to follow up and support the impeaching questions."

In the instant case it is apparent from the record that the court, in granting the motion for new trial, was not acting upon its own motion but predicated its ruling upon the first and third motions filed by defendant. We see no occasion to consider the merits or demerits of said motions, for it is our view that the State's first assignment of error, and first proposition of law should be determinative of this appeal. In effect the State urges that because the defendant failed to timely file his motion for new trial in accordance with the requirements of the rules, supra, the trial court was without jurisdiction to consider it.

In 23 C.J.S. Criminal Law § 1465, this statement appears:

"Time for Application.

"Motions for new trial must be made without undue delay, and within the time prescribed by an applicable statute.

* * * * * *

"When the time arrives for making application for new trial, such application must be made without undue delay, and within the time prescribed by applicable statutory provisions, limitations as to time for making application being jurisdictional. * * *"

There is a wealth of decisions from various appellate courts sustaining this principle. See: State v. McClelland, 72 N.D. 665, 10 N.W.2d 798; State v. Mound, 65 S.D. 611, 277 N.W. 35; Ex parte Watkins, 120 Cal.App.2d 586, 261 P.2d 786; State v. Neil, 58 Idaho 359, 74 P.2d 586; State v. Kenton, Mo., 298 S.W.2d 433, 434.

In the last mentioned case the Supreme Court of Missouri stated:

"Obviously, the filing of the motion out of time was violative of Rules * * * and, as we have repeatedly held, it was a nullity and preserved nothing for review."

While the problem presented is, in this jurisdiction, a matter of first impression in the field of criminal procedure, yet by analogy we do have in the civil field several decisions consonant with the above holdings. In Einboden v. Martin, 70 Ariz. 245, 219 P.2d 330—and the earlier Arizona cases cited therein—we held that statutes governing the filing of motions for new trial

within ten days was mandatory, and that where a motion is not filed until after the time therefor has expired, the effect is the same as if no motion were filed at all, i. e., the court was without jurisdiction to entertain it. We see no valid reason why the same holding should not apply in criminal cases.

The trial court in reaching the conclusion that it had an "inherent right" to grant a new trial irrespective of the failure of defendant to comply with the rules as to a timely filing of said motion evidently relied upon a line of cases from the State of Indiana, viz.: Barrett v. State, 230 Ind. 533, 105 N.E.2d 508; Haley v. State, 235 Ind. 333, 133 N.E.2d 565; State ex rel. Walker v. Youngblood, 225 Ind. 375, 75 N. E.2d 551. Our search of the authorities indicates that Indiana stands alone in this regard. Furthermore, while their statutes give to the court some discretion in the matter, it is interesting to note that the Indiana Supreme Court has placed a limitation upon itself by declaring that:

> "It is necessary that an appellant show, through happenings or events which have no connection with the actual trial, and which have not been brought about by the fault of the litigant, that his time for filing such motion has expired, and that, because of the happenings or events, it was impossible for him to perfect the record for an appeal. * * *" Barrett v.

State, supra. [230 Ind. 533, 105 N.E.2d 509.]

We refuse to adopt or follow the Indiana rule.

If the three-day Rule in effect in this state is harsh it should be amended to grant a longer period. Certainly this is no justification for ignoring the Rule.

The Supreme Court of the United States, in the case of United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 1333, 91 L.Ed. 1610, was confronted with the question here presented. The trial judge in that case (long after the time for making a motion for new trial had expired), reconsidered his previous order denying a new trial and on his own motion granted a new trial. The Third Circuit Court of Appeals, by a vote of three to two, denied petitions for writs of mandamus and prohibition (156 F.2d 642). The Supreme Court granted certiorari and on review reversed with directions, stating as the basis for its decision:

> "* * * We think that expiration of the time within which relief can be openly asked of the judge, terminates the time within which it can properly be granted on the court's own initiative. * * *"

 We hold that our Criminal Rule provisions, supra, must be strictly complied with and that the provisional order herein, purportedly granting a new trial

to defendant, was void for lack of jurisdiction. The Rules are mandatory and must be obeyed by the courts as well as by the parties. Cf. Einboden v. Martin, supra, 70 Ariz. 247, 219 P.2d 332.

The order of the trial court granting a new trial is reversed and set aside with directions to reinstate the jury's verdict.

Order reversed with directions.

WINDES, PHELPS, STRUCKMEYER and JOHNSON, JJ., concur.