402 P.2d 574

**The STATE of Arizona, Appellee,**

**v.**

**Jesus Manuel VASQUEZ, Appellant.**

**No. 1395.**

Supreme Court of Arizona.

En Banc.

June 3, 1965.

**158**

Robert W. Pickrell, Atty. Gen., Richard J. Riley, Cochise County Atty., for appellee.

Jesus Manuel Vasquez, in pro. per.

BERNSTEIN, Justice.

Appellant was charged with possession and sale of marijuana. He is a Mexican citizen. He does not speak English. Although the record is incomplete his claim is that he was contacted in Mexico by Arizona narcotic agents who induced him to bring two and one-half pounds of marijuana into Arizona and sell it to them. At the time of arraignment the record shows the following minute entry:

"The Deputy County Attorney James D. Whitney, Esq. and the defendant in person and without counsel, present. The defendant came before the Court for the purpose of arraignment and plea. Grace Ruiz was duly sworn to act as interpretor (sic). Upon inquiry from the Court the defendant replied that he did not desire an attorney to represent him. The defendant was duly arraigned, answered that his true name is as set forth in the Information, the Court stated the charge to the defendant, who waived the statutory time to plead and entered a plea of guilty of the offenses charged, to-wit: Possession of and selling Marijuana. The Court ordered Tuesday, November 27, 1962 at 8:45 A.M. as the date for passing sentence.

"The Court further ordered the defendant is remanded to the custody of the Sheriff."

Appellant was sentenced to from 1 to 6 years on the count charging possession of marijuana and from five years to life on the count charging the sale of marijuana, sentences to run concurrently.

Appellant then filed a handwritten motion for the appointment of counsel and for a new trial. The motion for a new trial was not timely filed. The request for counsel was for the limited purpose of presenting this motion for new trial. The motion for new trial was denied as was the request for appointment of counsel. However, the learned trial judge in the interests of justice and in fairness to the appellant examined into the merits of the appellant's complaint. A hearing was held in the absence of the appellant and the minute entry shows:

"This cause came on regularly this date for hearing of Defendant's Motion for New Trial. The State being represented by Deputy County Attorney James D. Whitney, Esq. and the Defendant not present either in person or by counsel.

"The Court heard statements of the Deputy County Attorney who stated that a competent interpreter was present throughout the trial and the Court agreed with this statement.

"It is Ordered; Defendant's Motion for New Trial is denied."

Appellant has appealed to this court in propria persona. No counsel was requested by appellant to represent him on the appeal and no counsel was appointed. No briefs were filed and this court ordered the matter be submitted for decision.

▄▄▄ The record affirmatively shows the appellant waived his right to counsel at the time he pleaded guilty. And even though counsel was requested on the motion for new trial, the motion was not timely filed and did not need to be considered by the trial judge for any purpose as the time provided in Rule 308 Rules of Criminal Procedure, 17 A.R.S. for the filing of a motion for a new trial is mandatory and where a motion is not filed until after that time has expired the effect is the same as if no motion was filed at all. State v. Hill, 85 Ariz. 49, 330 P.2d 1088. It follows that no counsel needed to be appointed where there was no motion before the court. On examination of the record before us we find no reversible error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921.

Affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concurring.