LANGLEY *v.* STATE OF INDIANA.

[No. 30,893. Filed January 9, 1968. Rehearing denied March 15, 1968.]

*William C. Erbecker,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

LEWIS, C. J.—The appellant was convicted of the crime of robbery in the Criminal Court of Marion County, Indiana, Division 1. Appellant was sentenced to a term of not less than ten (10) years nor more than twenty five (25) years in the Indiana State Penitentiary.

The trial was before a jury. Thereafter, a motion for new trial was filed claiming the following errors:

(1) The verdict of the jury is not sustained by sufficient evidence.

(2) The verdict of the jury is contrary to law.
The motion for new trial was overruled and appellant filed a motion for the appointment of appellant counsel. The Motion for Appointment of Counsel reads as follows:

"Comes now ERNEST LANGLEY, the defendant in the above cause, and respectfully moves the Court to appoint some competent attorney to aid, assist and represent the defendant in the preparation and prosecution of an appeal to the Indiana Supreme Court from the judgment against defendant in this cause, in all of the following, to-wit:

1. That defendant was tried in the above Court and cause and, on March 30, 1964, was found guilty by a jury of the offense of Robbery, and thereafter, on April 20, 1964, was sentenced to be imprisoned for a term of 10 to 25 years; and that the defendant is presently imprisoned pursuant to said judgment.

2. That defendant desires to perfect an appeal to the Indiana Supreme Court from the judgment against him in this cause, in that he verily believes and avers that the record in this cause manifests multiple denials to defendant of his substantial rights secured by Article 1, Sections 12, 13 and 16, Indiana Constitution, and the 14th Amendment to the United States Constitution, by which said judgment became and now remains void, and that defendant's conviction in this cause will be reversed by the Indiana Supreme Court.

3. That the defendant is without the requisite skill and knowledge to properly prepare and prosecute said appeal, in that he is a mere layman without any training in law and is wholly incapable of perfecting said appeal without the assistance of counsel.

4. That the defendant is without funds, means or credit with which to retain private counsel to represent him in the preparation and prosecution of an appeal in this cause.

WHEREFORE, the defendant respectfully moves the Court to appoint some competent attorney to represent defendant in perfecting his appeal in this cause to the Indiana Supreme Court, said attorney to be compensated therefor at public expense."

Thereafter, the Court entered the following Order:

"Comes now the defendant in the above-entitled cause (CR 25183-Y) and filed with the Court their joint and several petitions for counsel and a transcript of the record for the purpose of appealing their convictions in forma pauperis.

And the Court having read said petitions and being duly advised the Court now appoints Palmer K. Ward, member of the Bar, as counsel for the purposes of taking said appeal. The Court orders furnished transcript.

All until further order of the Court.

/s/ Eugene M. Fife, Jr.
Eugene M. Fife, Jr.

Dated at Indianapolis, Indiana, this 28th day of Aug., 1964."

The record fails to indicate that Mr. Ward was ever notified of his appointment as appellate counsel and, consequently, Mr. Ward did not file an appearance or take any steps to perfect an appeal.

Thereafter, on July 9, 1965, the attorney for appellant was privately employed by appellant and filed a petition for permission to file a belated motion for new trial. The petition for belated motion for new trial, in substance, alleged that the motion for new trial previously filed was inadequate; that the appellant was not adequately represented in his trial in the Criminal Court of Marion County; and that the appellant

had been diligent in attempting to determine his Constitutional Rights, but that he was without sufficient technical knowledge, pro se, to make an adequate judgment concerning his rights.

The appellant further alleges that the provision in Rule 2-40 and 2-40A of this Court (Supreme Court Rules, 1964), which require due diligence in asserting and taking advantage of the post-conviction remedies contained therein, is unconstitutional. The Trial Court denied appellant's petition for permission to file his belated motion for new trial and appellant now assigns as errors:

(1) The Trial Court erred in overruling his original Motion for New Trial.

(2) The Trial Court erred in not affording the appellant equal protection of the law by the appointment of competent counsel.

(3) The Trial Court erred in refusing the Appellant permission to file his Tendered Belated Motion for New Trial and in over-ruling his Verified Petition for Permission to File Belated Motion for New Trial.

(4) The Trial Court erred by failing to rule on the appellant's original Motion for New Trial for more than one year after it was filed.

The evidence most favorable to the State is as follows: A filling-station attendant testified that on the 27th day of December, 1961, he was held up while he was at work; that he was put in fear by one of the holdup men putting a gun in his back and demanding money. One of the other individuals engaged in the holdup took the money from the drawer and then the filling-station attendant was bound and gagged and placed in a backroom.

The statute on robbery, Burns' Indiana Statutes, Anno., § 10-4101, (1956 Repl.), reads, in part, as follows:

". . . Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of rob-

bery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. . . ."

The appellant was one of three men involved in the filling-station holdup. The appellant was the driver of a car and the other two men actually committed the physical acts of pulling the gun and taking the money. The police officers testified that shortly after the robbery they stopped the appellant driving the motor vehicle which had been used as the "get-away" car and the appellant was driving. A search of the car revealed weapons and friction tape. Friction tape had been used to bind the filling-station operator. The appellant admitted to the police officers that he had driven the car at the time of the robbery and gave as his only excuse that he had been drinking with the other two men and appellant's wife and that they had run out of money and liquor and had decided to go get some more money. Later he claimed that when his two "friends" entered the filling station he didn't know that they were going in for the purpose of robbing the station.

The only essential difference between the States theory of the commission of this crime and the appellant's theory is the State's contention that all of the appellant's actions before, during and after the actual robbery indicate and prove the substantial evidence that appellant was a participant. The appellant contends that he did not have advance knowledge of the robbery and that he was the innocent victim of the impetuous act of his two companions. Suffice it to say that appellant testified before the jury and gave his whole version of the commission of the happenings on the night in question. The jury chose to adopt the State's arguments concerning the evidence on the happenings at the time of the participating of the appellant in the robbery.

When the question of the sufficiency of the evidence is raised, this Court will consider only that evidence which is

more favorable to the State. *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914. We have said on a number of occasions that this Court cannot weigh the evidence but will consider only the evidence most favorable to the State, and the reasonable inferences that may be drawn therefrom, to determine whether the jury was warranted in returning a verdict of guilty. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677. *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185.

The uncontradicted evidence shows that appellant was the driver of the car that took the active participants in the holdup to the filling station; that appellant waited for the participants until the holdup was consummated and then drove them away. The evidence indicated appellant was without funds prior to the holdup and that after the holdup the officers found some $8.00 on appellant which was approximately one-third of the proceeds of the robbery. It is quite evident that the jury did not believe appellant when he testified that he did not know that his companions entered the filling station for the purpose of robbery. There was substantial evidence to prove each and every material allegation of the affidavit against appellant and there was sufficient evidence of each and every material allegation to sustain the conviction.

We conclude that the Trial Court did not commit error in refusing permission for appellant to file a belated motion for new trial.

Rule 2-40 provides as a condition precedent to granting permission to file a belated motion, the following:

". . . The court, upon finding *substantial evidence of such facts,* and that the movant acted as promptly as reasonably possible, shall approve the filing of said belated motion for a new trial." (Our Emphasis)

A review of the petition and the attempted showing by the appellant of diligence causes us to conclude that the Trial Court did not commit error in refusing permission to file the

belated motion for new trial. The rule in this regard is set out succinctly in *Barrett* v. *State* (1952), 230 Ind. 533, 105 N. E. 2d 508, as follows:

"It is necessary that an appellant show, through happenings or events which have no connection with the actual trial, and which have not been brought about by the ▆▆▆ fault of the litigant, that his time for filing such motion has expired, and that, because of the happenings or events, it was impossible for him to perfect the record for an appeal. Whether or not appellant was diligent in attempting to file his motion for a new trial is a question of fact for the trial court. The determination of whether diligence has been established rests in the sound discretion of the trial court, subject to review by this court on appeal. The burden of proof was appellant's. He failed to sustain such burden." (Cites in above quote omitted.)

The question of incompetency of trial counsel is not before this court because of the ruling of the Trial Court in refusing to grant permission to file a belated motion for new ▆ trial. The competency or incompetency of trial counsel was not presented in the original motion for new trial. However, in the interest of putting this matter at rest, we have reviewed the record in an effort to determine whether or not appellant's Constitutional Rights were denied by the Court failing to provide appellant with competent trial counsel.

The second guessing of the trial counsel by appellant's present counsel amounts to "Monday morning quarterbacking." The transcript including the bill of exceptions ▆▆ indicates to this Court that appellant's trial counsel did his work creditably under difficult circumstances. Appellant now contends that his trial counsel failed to object to certain questions and failed to cross-examine on certain questions. A difference in strategy between attorneys does not make one competent and the other incompetent. The attorney who occupies the counsel table before the jury is in the best position to make a determination concerning the proper examination and the proper time for objections. An

attorney's errors, if honest errors in judgment, are not proof of incompetency. *Haley* v. *State* (1956), 235 Ind. 333, 133 N. E. 2d 565; *Hendrickson* v. *State* (1954), 233 Ind. 341, 118 N. E. 2d 493.

In *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184, this Court stated that:

> "It must be presumed that appellant's attorney discharged his full duty and it should require strong and convincing proof to overcome this presumption."

Our review of appellant's trial leads us to conclude that appellant totally lacks strong and convincing proof to overcome the foregoing presumption; in fact, there is an absence of any proof.

Appellant further complains because the Trial Court failed to rule on his motion for new trial for a long period of time, to-wit: 14 months, that he was denied a "speedy trial" by reason of this failure of the Trial Court. The attorney general urges that the trial had been concluded and that, therefore, rulings on the motion for new trial do not come within the Constitutional provision of "speedy trial." We find it unnecessary to make a determination on this point. Suffice it to say that appellant did have the remedy under Rule 1-13 of this Court which reads as follows:

> "Whenever any issue of law or fact shall hereafter be submitted to the court for trial, ruling, or decision, and the judge shall take the same under advisement, the court shall not hold the same under advisement for more than ninety (90) days . . . Provided, that if the judge shall fail to determine any issue of law or fact within the time above reserved, then upon written application of any of the parties to the action or their attorneys of record duly filed in the office of the clerk of said court and called to the attention of said judge before the announcement of the decision of the issue in question, the submission of said issue shall thereupon be withdrawn and the judge before whom said cause is pending shall be disqualified to hear or determine any of the issues in said cause, and a special judge shall be appointed to take jurisdiction thereof under the

same rules and regulations prescribed by law in cases where the judge is disqualified for hearing a given cause."

Appellant did not assert this remedy; in fact, appellant did not at any time take any overt action to call this delay to the attention of the Trial Court and did not, thereby, give the Trial Court an opportunity to correct any claimed error. Errors not raised in the Trial Court are not subject to review before this Court. *Martin* v. *State* (1963), 245 Ind. 224, 194 N. E. 2d 721.

The errors alleged in appellant's motion for new trial are without merit. The Trial Court did not commit error in refusing to permit appellant to file his belated motion for new trial and as we have discussed in this opinion, even if the belated motion for new trial had been filed, same was without merit.

The judgment is affirmed.

Arterburn, Hunter and Mote, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 232 N. E. 2d 611.