775 P.2d 1130

**STATE of Arizona,
Respondent–Appellee,**

v.

**Bruce WAGSTAFF,
Petitioner–Appellant.**

Nos. 1 CA–CR 10190, 1
CA–CR 11902–PR.

Court of Appeals of Arizona,
Division 1, Department C.

July 7, 1988.

Review Granted in part and Denied in
part Nov. 23, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., and Jack Roberts, Asst. Atty. Gen., Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for respondent-appellee.

George M. Sterling, Jr., Phoenix, for petitioner-appellant.

## OPINION

FROEB, Judge.

Appellant has brought this appeal from his conviction for child molestation. He has also petitioned this court for review of the trial court's denial of his petition for post-conviction relief. For clarity, the appeal will be discussed separately from the petition for review.

### APPEAL

The facts, taken in a light most favorable to sustaining the verdict below, *see, e.g.,* State v. Olivas, 119 Ariz. 22, 579 P.2d 60 (App.1978), are as follows. In 1984, appellant, his wife and their three children moved to Arizona from Salt Lake City, Utah. In August of 1985, appellant and his wife sent their two older children, Shane and Stacy Wagstaff, to live with their maternal grandmother in Utah. While the children were in Utah, the maternal grandmother asked Utah Child Protective Servic-es to investigate appellant for child molestation. In September of 1985, the two children were returned to Arizona pursuant to a Utah state court order and placed under the supervision of the Arizona Department of Economic Security. Shane Wagstaff was later interviewed by the Mesa Police Department.

Appellant was indicted on October 31, 1985, on one count of child molestation of his seven-year-old son, a class 2 felony, A.R.S. § 13–1410, and a dangerous crime against children pursuant to A.R.S. § 13–604.01. Appellant's jury trial began on March 4, 1986. Appellant maintained at trial that he never sexually molested his son. On March 10, 1986, the jury found appellant guilty of child molestation in the first degree. *See* A.R.S. § 13–604.01(K).

Petitioner submitted to the trial court a *pro per* motion for new trial on March 31, 1986. The motion, however, was physically lost before it could be filed. Another copy of the motion was resubmitted for filing on April 11, 1986. The motion for new trial was finally filed on May 2, 1986, and was denied after oral argument. Appellant was sentenced to a mitigated term of twelve years imprisonment with credit for 200 days presentence incarceration. The trial judge also imposed lifetime parole as required by A.R.S. § 13–604.01(I). Appellant timely filed this appeal.

In his appeal, appellant raises the following issues:

(1) Is A.R.S. § 13–604.01, defining and providing sentences for dangerous crimes against children, invalid because it violates article 4, part 2, § 13 of the Arizona Constitution?

(2) Is A.R.S. § 13–604.01(I), providing for mandatory lifetime parole of one convicted of a dangerous crime against children in the first degree, illogical, cruel and unusual punishment, and violative of due process of law?

(3) Did the trial court err by denying appellant's *pro per* motion for new trial?

### PROHIBITION AGAINST MULTIPLE SUBJECTS

Appellant claims that Chapter 364 of the First Regular Session Laws of 1985

(Chapter 364), which includes current A.R.S. § 13–604.01, is in violation of the Arizona Constitution. Appellant did not allege this defect in the trial court. To preserve a constitutional question for review, it must be properly asserted in the lower court. *State v. Junkin*, 123 Ariz. 288, 599 P.2d 244 (App.1979). However, this court may nevertheless consider a constitutional issue for the first time on appeal if substantial rights of a fundamental nature are involved, which could have resulted in severe prejudice to the defendant. *State v. Politte*, 136 Ariz. 117, 664 P.2d 661 (App.1982).

Specifically, appellant alleges that Chapter 364 violates article 4, part 2, § 13 of the Arizona Constitution, which reads in pertinent part: "Every Act shall embrace but one subject and matters properly connected therewith." Appellant argues that Chapter 364 embraces more than one subject not properly connected to the other subjects of the act.

Chapter 364 is an act relating to "Children—Dangerous and Sexual Crimes Against—Expedited Proceedings; Sentence and Punishment—Enhanced Punishment; Offenses—Classification; Child Witnesses—Recorded Testimony—Admissibility; Fingerprinting—Employment Involving Children." Additions and amendments to the Arizona Revised Statutes enacted in Chapter 364 deal with crimes against children, prosecution of crimes against children, and the protection of children. Various amendments have also been made to ensure that other statutes will be consistent with enactment of A.R.S. § 13–604.01. Furthermore, in the course of enacting Chapter 364, the legislature has also provided for needed revisions and clerical corrections of the amended statutes.

We find no merit to appellant's claim that Chapter 364 violates the constitutional prohibition quoted earlier. Liberal construction is to be accorded legislation challenged under the constitutional provision setting forth the one-subject rule. *Sample v. Sample*, 135 Ariz. 599, 603, 663 P.2d 591, 595 (App.1983). The word "subject" is to be given a broad and extended meaning to allow the legislature to include matters having a logical or natural connection. *Litchfield Elementary School Dist. No. 79 v. Babbitt*, 125 Ariz. 215, 224, 608 P.2d 792, 801 (App.1980). There is a logical connection between all the subjects of the bill, and no violation of the Arizona Constitution exists. *Cf. Sample*, 135 Ariz. at 599, 663 P.2d at 591 (no violation of Ariz. Const. art. IV, pt. 2, § 13 where act which generally addressed domestic relations matters also included criminal sanctions).

## LIFETIME PAROLE

At sentencing, petitioner was sentenced to twelve years imprisonment, as well as lifetime parole under A.R.S. § 13–604.01(I). On appeal, appellant maintains that the statute is illogical, constitutes cruel and unusual punishment and violates due process of law. The response of the state is solely that, because appellant will not begin his lifetime parole for ten more years, his complaint is premature.

A.R.S. § 13–604.01(I) provides in part:

In addition to the term of imprisonment imposed pursuant to this section and notwithstanding any other law, the court shall order that a person convicted of any dangerous crime against children in the first degree shall be supervised on parole after release from confinement on such conditions as the court or the board of pardons and paroles deems appropriate for the rest of the person's life.

Contrary to the state's position, this matter is now ripe for adjudication. Appellants are by law entitled to appeal from sentences which are excessive or illegal. A.R.S. § 13–4033(3). The challenged sentence has been imposed, and although appellant's parole will not begin for ten years, appeal of that sentence is not premature.

The cardinal rule of statutory interpretation is to determine and give effect to the legislative intent behind the statute. *Calvert v. Farmers Ins. Co.*, 144 Ariz. 291, 697 P.2d 684 (1985). In interpreting a statute, courts should seek a sensible construction which accomplishes the legislative intent and, if possible, avoids absurd conse-

quences. *State v. Cain*, 27 Ariz.App. 441, 555 P.2d 1129 (1976). Furthermore, when reasonably practical, statutes should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. *State v. Sweet*, 143 Ariz. 266, 693 P.2d 921 (1985). We find, however, that the lifetime parole provision of A.R.S. § 13–604.01(I), when imposed for a dangerous crime against children in the first degree, is inconsistent with the present criminal code in Arizona and is invalid.

By providing for lifetime "parole" to follow completion of appellant's sentence, the legislature has departed from the established statutory scheme set forth in Title 13 of Arizona Revised Statutes. First, A.R.S. § 13–604.01(I) purports to give the trial court power to impose lifetime parole when a defendant is convicted of a dangerous crime against children in the first degree. However, the judicial branch of government in Arizona has no authority to grant any person parole. The exclusive power to grant parole rests with the Arizona Board of Pardons and Paroles. *State v. Harris*, 133 Ariz. 30, 648 P.2d 145 (App.1982); A.R.S. § 31–402(A).

Second, A.R.S. § 13–604.01(I) directs that a defendant convicted of a dangerous crime against children in the first degree be placed on lifetime parole after release from confinement. However, because appellant has been convicted of a dangerous crime against children in the first degree, he is ineligible for release at any time prior to the expiration of his entire sentence. A.R.S. § 13–604.01(E). The Board of Pardons and Paroles has no authority to provide for parole supervision of a defendant who has completed his term of imprisonment. *See* A.R.S. § 31–412(A), 31–414 (a defendant can be on parole only before the expiration of the term specified in his sentence, or before absolute discharge). Appellant in the instant matter, upon completion of his prison term, will have no unexpired term during which he may be placed on parole.

Finally, parole violators may only be reimprisoned for a period equal to their unexpired maximum sentence at the time parole was granted. A.R.S. § 31–417. If appellant violates a term and condition of lifetime parole, what are the consequences? He cannot be reimprisoned, because there will be no unexpired portion of his sentence to serve.

Since enforcement of the statute under present Arizona law is impossible, we hold that A.R.S. § 13–604.01(I) is invalid, insofar as it refers to lifetime parole for a defendant convicted of a dangerous crime against children in the first degree. For this reason we vacate that part of appellant's sentence which provides for lifetime parole but affirm the conviction and sentence in all other respects.

## MOTION FOR NEW TRIAL

Appellant claims that the trial court erred in denying his motion for new trial. As described earlier, although the jury returned its verdict on March 10, 1986, appellant did not submit his motion for new trial to the trial court for filing until March 31, 1986. Because of a mix-up in the clerk's office, the motion was not filed until May 2, 1986.

A motion for new trial must be filed not later than 10 days after the verdict has been rendered. Rule 24.1(b), Arizona Rules of Criminal Procedure. The trial court considered the motion despite the untimeliness in filing, noting that "there was a mix-up [in the clerk's office] insofar as the original, as to when the original was filed." Thereafter, the court denied the motion on the merits.

The time limit for a motion for new trial in a criminal case is jurisdictional. *See Maule v. Arizona Superior Court*, 142 Ariz. 512, 690 P.2d 813 (App.1984). The trial court has no jurisdiction to grant a motion for new trial if the motion is not filed within 10 days after the verdict has been rendered. *State v. Villarreal*, 136 Ariz. 485, 666 P.2d 1094 (App.1983). Motions filed after the 10–day limit have no effect. *See State v. Vasquez*, 98 Ariz. 157, 402 P.2d 574 (1965); *State v. Hill*, 85 Ariz. 49, 330 P.2d 1088 (1958). We note that

appellant's original motion for new trial was not even submitted to the trial court until March 31, 1986. This was after the March 20, 1986, filing deadline. Thus, we do not reach the merits of appellant's motion for new trial.

## PETITION FOR REVIEW

On August 7, 1986, appellant filed a *pro per* petition for post-conviction relief. In his petition, appellant alleged that newly discovered evidence required the trial court to vacate his conviction and sentence. Appellant attached to the petition two affidavits. The affiants, Bonnie Wagstaff, the mother of the victim, and Julie Oldenburg, stated that they heard the victim recant his trial testimony. Specifically, the affiants alleged that the victim said that appellant never molested him, and that the victim was pressured by his maternal grandmother to lie about things appellant had done to him.

On August 25, 1986, the state filed a response, requesting summary dismissal. *See* rule 32.6(c), Arizona Rules of Criminal Procedure. Thereafter, counsel for petitioner filed a supplement to the petition for post-conviction relief, alleging ineffective assistance of counsel in the trial court.

The petition for post-conviction relief was denied on May 21, 1987. On June 18, 1987, petitioner filed a motion for rehearing, claiming that the trial court erred in not granting an evidentiary hearing. He claimed that the trial court's summary denial of his petition for post-conviction relief prevented him "from presenting evidence and proof more than sufficient to substantiate the allegation of the victim's recantation as well as specific instances of ineffective assistance of counsel prior to and during trial." On July 30, 1987, the motion for rehearing was denied. Appellant timely filed a petition for review.

In his motion for rehearing, petitioner raised the following issues for review: (1) whether the trial court erred in refusing an evidentiary hearing on the issue of ineffective assistance of counsel; and (2) whether the trial court erred in refusing an evidentiary hearing on the alleged recantation of the victim's trial testimony.

## INEFFECTIVE ASSISTANCE

Petitioner claims that the trial court should have held an evidentiary hearing to consider the allegations of ineffective assistance of counsel. However, petitioner has not specified in his motion for rehearing which acts or omissions by trial counsel were ineffective. Appellant simply states, in a conclusory manner, that the trial court erred in denying an evidentiary hearing on both the ineffective assistance and recantation issues. Appellant devotes the remainder of his motion for rehearing to a discussion of the recantation issue.

A motion for rehearing affords the trial court an opportunity to correct errors made in ruling on the petition for post-conviction relief, and to frame the issues for review by this court. *State v. Moore*, 125 Ariz. 528, 529, 611 P.2d 115, 116 (App.1980). By failing to specify in what way the trial court has erred, petitioner did not provide the trial court with an opportunity to review meritorious issues. The trial court was asked simply to review again the entire proceedings. Likewise, if this court were to consider the issue of ineffective assistance, it would be forced to review the entire proceedings, without the benefit of a memorandum by counsel as to those issues which have merit. By failing to state any contention of error in his motion for rehearing, appellant has failed to comply with rule 32.9(a), Arizona Rules of Criminal Procedure. *See State v. Moore*, 125 Ariz. at 529, 611 P.2d at 116. Therefore, we decline to consider appellant's claim of ineffective assistance of counsel.

## RECANTATION OF TRIAL TESTIMONY

As for the recantation issue, we agree with petitioner that the trial court erred in failing to grant an evidentiary hearing. Summary dismissal is inappropriate when the petition presents a colorable claim. A colorable claim is one that has the appearance of validity; that is, if the allegations were taken to be true, the peti-

tioner would be entitled to relief. *State v. Lemieux,* 137 Ariz. 143, 669 P.2d 121 (App. 1983). The decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court. However, when doubt exists, a hearing should be held to allow the petitioner to raise the relevant issues and to make a record for review. *State v. D'Ambrosio,* 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988).

■ Affidavits were submitted by petitioner, alleging that the victim recanted his trial testimony by stating that his father never molested him. The affidavits also support petitioner's allegation that undue influence was brought to bear on the seven-year-old victim by the maternal grandmother. Furthermore, appellant alleges that there is a custody dispute concerning the victim, which could provide incentive for the maternal grandmother to pressure the victim to lie. Under these circumstances, we hold that petitioner has presented a colorable claim, and is entitled to an evidentiary hearing on the recantation issue.

■ We note that there is no sworn affidavit from the victim recanting his testimony, although the victim was represented by counsel and found by a medical expert to be competent to testify in the post-conviction proceedings. Generally, an affidavit claiming that a third party has recanted his testimony is impeachment evidence only. *See United States v. Nace,* 561 F.2d 763, 772 (9th Cir.1977); *State v. Taylor,* 112 Ariz. 68, 84, 537 P.2d 938, 954 (1975). Furthermore, the record discloses no reason for not submitting an affidavit from the victim. Nevertheless, we hold that the affidavits which have been submitted raise a colorable claim sufficient to entitle petitioner to an evidentiary hearing. After receiving evidence, the trial court must determine whether relief should be granted.

In accordance with the foregoing, the conviction is affirmed, and appellant's sentence is modified pursuant to A.R.S. § 13–4035 to delete all reference to lifetime parole. With regard to the petition for review, review is granted, and an evidentiary hearing is ordered on the recantation issue only.

SHELLEY, JJ. concur.

CORCORAN, Judge, concurring in part, dissenting in part:

I respectfully dissent from the relief granted on the petition for review. I do not agree that defendant has raised a colorable claim that would entitle him to an evidentiary hearing on the recantation issue. I agree with the majority on all other issues addressed on appeal.

The majority correctly points out the standard to determine if defendant has presented a "colorable claim": the claim must have the appearance of validity; in other words, if taken as true, it would change the verdict. *State v. Lemieux,* 137 Ariz. 143, 147, 669 P.2d 121, 125 (App. 1983). Thus, in order to determine whether the claim is colorable, we must apply the applicable standard to determine the validity of the specific claim raised by petitioner.

Here, defendant has based his petition on the existence of "newly discovered evidence"—affidavits by two third parties that the victim had recanted his trial testimony that defendant molested him. As a matter of law, testimony by third parties about recantation is collateral impeachment evidence only, and cannot be used as substantive evidence of the truth of the facts stated that would entitle defendant to post-conviction relief. *See State v. Fisher,* 141 Ariz. 227, 251, 686 P.2d 750, 774 (1984); *United States v. Nace,* 561 F.2d 763, 772 (9th Cir.1977); *see generally* M. Udall, *Arizona Law of Evidence* § 63 at 92 (1960). One of the requirements for post-conviction relief on the basis of newly discovered evidence is that the evidence not be merely impeaching. *State v. Jeffers,* 135 Ariz. 404, 426, 661 P.2d 1105, 1127 (1983). Defendant has simply not produced any newly discovered evidence that is substantive—that is, if taken as true, would change the verdict. In my opinion, defendant would have had to produce an affidavit from *the victim,* not third parties, in order to present a colorable claim. Even if such testimony had been produced, however, the trial court

would have discretion to find that such recanted testimony would not have changed the verdict. The unreliable and untrustworthy nature of recanting testimony has been consistently acknowledged in our courts. *Fisher,* 141 Ariz. at 251, 686 P.2d at 774; *State v. Hickle,* 133 Ariz. 234, 238, 650 P.2d 1216, 1220 (1982); *State v. Axley,* 132 Ariz. 383, 394, 646 P.2d 268, 279 (1982).

In the absence of any evidence that would change the verdict, I would uphold the trial court's determination that defendant did not present a "colorable claim" that entitled him to an evidentiary hearing. I would have denied relief on that basis.