NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

EDWARD LEE JONES, *Petitioner.*

No. 1 CA-CR 13-0272 PRPC

FILED 1-22-2015

---

Petition for Review from the Superior Court in Maricopa County
No. CR2007-173158-001
CR2008-006612-001
The Honorable Paul J. McMurdie, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Edward Lee Jones
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**O R O Z C O, Judge**:

**¶1** Petitioner Edward Lee Jones petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2** Jones pled guilty to child prostitution, attempted child prostitution, pandering and two counts of aggravated assault in 2008. The trial court sentenced Jones to an aggregate term of eighteen years' imprisonment. Jones now seeks review of the summary dismissal of a pleading the trial court properly treated as the latest of Jones's successive petitions for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9.c.

**¶3** The petition for review properly presents six issues. Jones argues the State denied him the right to a speedy trial, the right to confront witnesses and the right to not be subjected to double jeopardy; the State failed to disclose exculpatory evidence and presented perjured testimony to the grand jury; and the trial court erred when it allowed the State to dismiss one case and recharge those counts in the instant case.

**¶4** We deny relief. Jones has raised each of these claims in one or more of his previous post-conviction relief proceedings. Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2.a. None of the exceptions under Rule 32.2.b. apply.

**¶5** Although the petition for review presents additional issues, Jones did not raise those issues in the petition for post-conviction relief he filed in the trial court. A petition for review may not present issues not first presented to the trial court. *See State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9.c.1.(ii). We also note that Jones raised and could have

raised all of these newly presented issues in previous post-conviction proceedings. Therefore, those issues would also be precluded even if properly presented. *See* Ariz. R. Crim. P. 32.2.a.

¶6        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama