NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MATTHEW EDWARD KEITH, *Petitioner*.

No. 1 CA-CR 14-0661 PRPC
FILED 9-27-2016

Petition for Review from the Superior Court in Maricopa County
Nos.  CR2006-048985-001
CR2006-173220-001
CR2013-421794-001
The Honorable Robert E. Miles, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Matthew Edward Keith, Florence
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

D O W N I E, Judge:

¶1        Matthew Edward Keith petitions this Court for review from the dismissal of a consolidated petition for post-conviction relief he filed in three separate cases in which he pled no contest or guilty to a number of felony offenses.  Keith presents a number of claims for review, all of which are premised on his alleged mental illness.

¶2        We deny relief.  Keith's mental health issues predate his pleas, and many of his medical records predate the pleas he entered.  As a result, the issues he identifies are precluded in the two cases in which he entered pleas in 2007 because Keith could have raised the issues in timely "of-right" petitions for post-conviction relief.  Ariz. R. Crim. P. 32.2(a).

¶3        Moreover, Keith is aware of his own mental health and the associated medical treatment.  He personally identified his medications at a hearing in 2007.  We are therefore not faced with newly discovered evidence.

¶4        Regarding the third case, although this is Keith's "of-right" post-conviction relief proceeding in that matter, nothing in the medical records provided to the superior court raises any concerns about his competency or his ability to enter into a plea agreement knowingly and intelligently.

¶5        We recognize that the petition for review presents a number of additional issues.  However, we do not consider them because Keith did not raise those issues in the superior court.  *See* Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); *State v. Wagstaff*,

161 Ariz. 66, 71 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980).

¶6        For the reasons stated, we grant review but deny relief.

