NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

RAFAEL ZAMORA-OSUNA, *Petitioner.*

No. 1 CA-CR 13-0254-PRPC
FILED 10-21-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2009-165066-001
The Honorable John R. Hannah, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Rafael Zamora-Osuna, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Samuel A. Thumma joined.

---

**G O U L D**, Judge:

**¶1**         Petitioner Rafael Zamora-Osuna petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**         Zamora-Osuna pled guilty to kidnapping and the trial court sentenced him to 10.5 years' imprisonment. Zamora-Osuna filed a pro per petition for post-conviction relief of-right after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Zamora-Osuna now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**         With one exception, Zamora-Osuna did not raise the issues he presents in his petition for review in the petition for post-conviction relief he filed below. While he raised several claims of ineffective assistance of counsel below, they were not the same claims of ineffective assistance he presents for review. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶4**         The one common claim in both the petition for post-conviction relief and the petition for review is Zamora-Osuna's claim that he did not understand the concept of accomplice liability. We deny relief on this issue. The court explained accomplice liability to Zamora-Osuna at a status conference on January 29, 2010. A second court explained accomplice liability to Zamora-Osuna at a settlement conference on May 14, 2010. The prosecutor explained accomplice liability to Zamora-Osuna at the same settlement conference. A third court explained accomplice liability to Zamora-Osuna at another conference on June 16, 2010. When defense counsel provided the factual basis to support the plea at the change

of plea hearing, counsel stated more than once that Zamora-Osuna was pleading guilty based on "accomplice liability." After defense counsel explained in detail how Zamora-Osuna and his accomplices kidnapped and held the victim for ransom, the court asked Zamora-Osuna if what his counsel said was what actually happened. Zamora-Osuna responded, "Yes." Zamora-Osuna has failed to present a colorable claim for relief.

¶5        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh