NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KENNETH ANTHONY GARCIA, *Petitioner*.

No. 1 CA-CR 13-0431 PRPC

FILED 1-6-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2011-158292-001
The Honorable Robert E. Miles, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Kenneth Anthony Garcia, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Randall M. Howe joined.

---

**N O R R I S, Judge**:

¶1        Petitioner Kenneth Anthony Garcia petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Garcia pled guilty to burglary in the third degree and the superior court sentenced him to 4.5 years in prison. Garcia filed a pro se petition for post-conviction relief of-right after his counsel found no colorable claims for relief. The superior court summarily dismissed the petition and Garcia now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        The petition for review properly presents two issues. Garcia argues his trial counsel was ineffective when counsel failed to inform Garcia he had the right to require the State to prove the existence of any prior felony conviction used to enhance his sentence. Garcia further argues his counsel was ineffective when he failed to determine and/or inform him that the State would have difficulty proving the existence of his prior conviction because the records of that conviction had been destroyed. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

¶4        We deny relief. Regardless of whether counsel informed Garcia he had the right to require the State to prove the existence of his prior felony conviction, the superior court informed Garcia of this right before he pled guilty. Garcia acknowledged to the court that he understood he had the right to force the State to prove the existence of his prior conviction, and that he faced an enhanced sentence range if he waived this right. Garcia still elected to plead guilty. Therefore, Garcia suffered no prejudice from any alleged inaction or failure of counsel. And, Garcia offers nothing but speculation that records of his prior conviction had been lost or destroyed.

¶5        While the petition for review and the reply in support of the petition present additional issues, Garcia did not raise those issues in his petition for post-conviction relief.  A petition for review may not present issues not first presented to the superior court.  Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980).  Further, this court will not consider arguments or issues first raised in a reply.  *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4, 6 P.3d 752, 755 (App. 2000).

¶6        For the foregoing reasons, although we grant review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama