NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ADRIAN HERNANDEZ, *Petitioner*.

No. 1 CA-CR 13-0665 PRPC

FILED 3-24-2015

Appeal from the Superior Court in Maricopa County
No. CR2009-005152-002 DT
The Honorable Christopher T. Whitten, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Adrian Hernandez, Safford
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

---

**T H O M P S O N**:

**¶1**        Petitioner Adrian Hernandez petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**        A jury convicted Hernandez of first degree burglary, two counts of armed robbery and six counts of kidnapping, three of which were dangerous crimes against children. The trial court sentenced Hernandez to an aggregate term of thirty-seven years' imprisonment. We affirmed Hernandez's convictions on direct appeal. *State v. Hernandez*, 1 CA-CR 10-0586 (Ariz. App. Feb. 14, 2012) (mem. decision). Hernandez now seeks review of the summary dismissal of his first petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**        Hernandez argues his trial counsel was ineffective when she failed to explain to Hernandez that voluntary intoxication was not a defense to the charged offenses. *See* Ariz. R. Stat. ("A.R.S.") § 13-503 (2009) (voluntary intoxication is not a defense for any criminal act). Hernandez claims that he told his counsel he was innocent because he was not aware of the presence of children in the residence due to his intoxication and that his accomplice took advantage of Hernandez's intoxication to coerce Hernandez into participating in the offenses. Hernandez contends he would have accepted one of the State's plea offers rather than proceed to trial if counsel had explained voluntary intoxication was not a defense.

**¶4**        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). To show prejudice, a defendant must show that there is a "reasonable probability

that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We may determine the reasonableness of counsel's actions by the information supplied to counsel by the defendant. *Id. at* 691.

¶5 We deny relief because Hernandez has failed to present a colorable claim of ineffective assistance. The record shows Hernandez never sought to assert an intoxication defense. Hernandez's sole defense was duress - that the armed accomplice forced him to participate in the offenses at gunpoint. At the first settlement conference, Hernandez's counsel informed the court that Hernandez's defense would be duress. Hernandez personally told the court he was innocent because his accomplice put a gun to Hernandez's head and told him he would shoot him if he did not help him. Hernandez also told the court he acted only because he was afraid. At a second settlement conference, Hernandez again told the court he was innocent because he did not act voluntarily. At trial, Hernandez testified repeatedly that he had no choice but to assist the accomplice because he feared for his life after the accomplice pointed a gun at Hernandez and threatened to kill him if he did not do so. He also testified he never would have assisted the accomplice if the accomplice had not threatened him with a gun. Regarding Hernandez's specific claim that he was not aware of the presence of children in the premises because of his intoxication, Hernandez testified at trial he simply never saw any children because he did not think he went in the room where the children were located.

¶6 Hernandez did testify that he was "really drunk" during the incident, but he never offered his intoxication as an excuse for why he committed or otherwise participated in the offenses. Hernandez testified he was not the person who drove the vehicle involved in the incident because he was too intoxicated to drive. Hernandez offered his intoxication as one excuse for why he fled from the getaway vehicle after it crashed during a police pursuit rather than seek the help of the pursuing police. He also offered his intoxication as an excuse for why he never fled the scene any of the instances he was outside the premises loading stolen property into the vehicle while he was out of the view of the armed accomplice inside the premises. While Hernandez testified the accomplice "took advantage" of his intoxication when he forced Hernandez to assist him, Hernandez always insisted he participated in the offenses only because the accomplice forced him to at gunpoint and caused Hernandez to fear for his life. Even so, Hernandez never claimed he assisted the armed accomplice or otherwise committed the offenses because he was so intoxicated he did not know what he was doing or did not understand his acts were unlawful.

Hernandez never offered his intoxication as an excuse to negate any element of any charged offense or any requisite state of mind. He has, therefore, failed to present a colorable claim that he suffered any prejudice by counsel's alleged failure to inform him that voluntary intoxication is not a defense.

¶7        The petition for review presents an additional claim of ineffective assistance based on counsel's alleged failure to adequately explain the concept of "duress" to Hernandez. Hernandez, however, did not raise this issue in the petition for post-conviction relief he filed below.[1] A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶8        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED : ama

---

[1] Hernandez did not raise the issue until he filed his reply below. The trial court did not address the issue.