NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL PAUL JESSUP, *Petitioner*.

No. 1 CA-CR 13-0616 PRPC

FILED 4-9-2015

---

Petition for Review from the Superior Court in Maricopa County
No. CR 1998-091417
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Michael Paul Jessup, Florence
*Petitioner*

Arizona Justice Project, Phoenix
By Stacey F. Gottlieb
Amicus Curiae

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined

**T H U M M A,** Judge:

¶1        Petitioner Michael Paul Jessup seeks review of the superior court's order summarily dismissing his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2015).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19, 278 P.3d 1276, 1280 (2012). Finding no such error, this court grants review but denies relief.

¶2        Jessup pled guilty to first degree murder and armed robbery, having committed the offenses in 1998 when he was 17 years old. The superior court sentenced Jessup to prison for natural life for murder and a consecutive term of 18 years in prison for armed robbery. Jessup seeks review of the summary dismissal of the notice of his second petition for post-conviction relief. This court has jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Jessup contends *Miller v. Alabama*, 132 S. Ct. 2455 (2012) constitutes a significant change in the law that required the superior court to vacate his sentence to natural life. *See* Ariz. R. Crim. P. 32.1(g) (significant change in law is ground for post-conviction relief); Ariz. R. Crim. P. 32.2(b) (rule of preclusion does not apply to claims based on Rule 32.1(g)). *Miller* held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth amendment's prohibition on 'cruel and unusual punishments.'" 132 S. Ct. at 2460. *Miller* also held a court may sentence a juvenile offender convicted of murder to life imprisonment without the possibility of parole so long as the court takes into account "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 2469.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶4**         Assuming *arguendo* that *Miller* applies retroactively, Jessup has not shown an entitlement to relief. *Miller* prohibits *mandatory* life sentences without the possibility of parole for juvenile offenders. *Id.* at 2460. Jessup's sentence to natural life was not mandatory. The superior court noted at sentencing that it had the option to sentence Jessup either to natural life or life with a possibility of release after 25 years' imprisonment. *See* Ariz. Rev. Stat. § 13-703(A) (1999). In considering the appropriate sentence, the superior court found Jessup's age to be one of several mitigating factors. The court also heard from a psychologist regarding his presentence evaluation of Jessup as a juvenile offender. Among other opinions, the psychologist did not believe Jessup's aggressive activity would extend into adulthood and his appreciation of the wrongfulness of his acts would increase with age. The psychologist further noted that adolescents do not have the same kind of judgment as adults. In short, the superior court considered "how children are different" and Jessup's sentence to natural life complied with *Miller*.

**¶5**      While the petition for review with this court presents additional issues, Jessup did not raise those issues in the petition for post-conviction relief filed with the superior court. A petition for review with this court may not present issues the petitioner did not first present to the superior court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). Accordingly, this court declines to address those additional issues.[2]

**¶6**      For these reasons, this court grants review but denies relief.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama

---

[2] This court also declines to address issues and arguments Jessup himself did not present but that are contained in the amicus briefs filed in this court and with the superior court. *See Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 84, 638 P.2d 1324, 1330 (1981) (amici curiae may not create, extend or enlarge issues).