NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RAYMOND JAMES MERCADO, *Petitioner*.

No. 1 CA-CR 13-0745 PRPC

FILED 4-14-2015

Appeal from the Superior Court in Maricopa County
No. CR2010-125243-001DT
The Honorable Susan M. Brnovich, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Raymond James Mercado, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**B R O W N, Judge**:

¶1        Raymond James Mercado petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury convicted Mercado of first degree burglary and four counts of kidnapping. The trial court sentenced Mercado to an aggregate term of twenty-one years imprisonment and we affirmed his convictions and sentences on direct appeal. *State v. Mercado*, 1 CA-CR 11-0245, 2011 WL 6747417 (Ariz. App. Dec. 22, 2011) (mem. decision). Mercado filed a pro se petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Mercado now seeks review.

¶3        Mercado argues the trial court erred when it ordered two of his sentences to run consecutively to the other sentences. He also presents issues regarding the legality and validity of the victims' identification of him at trial and whether the prosecutor coached the victims. Both of these issues are precluded. We addressed the sentencing issue on direct appeal and found no error. *Mercado* at *6, ¶ 11. Mercado could have raised the identification issues on direct appeal. Any claim a defendant raised or could have raised on direct appeal is precluded. Ariz. R. Crim. P. 32.2(a)(1).

¶4        Mercado also presents several claims of ineffective assistance by his trial counsel. To state a colorable claim of ineffective assistance of counsel, a defendant must show counsel's performance fell below objectively reasonable standards and the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a defendant must demonstrate there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶5        Mercado argues his counsel was ineffective for failing to object to consecutive sentences. Because we found no error on direct appeal regarding the imposition of consecutive sentences, Mercado has failed to present a colorable claim of ineffective assistance on that basis. Mercado also argues his counsel was ineffective when counsel failed to challenge the legality and validity of the victims' identifications of Mercado at trial. Mercado has failed to present a colorable claim for relief because Mercado concedes he was at the scene with his accomplice when the incident occurred. He offers nothing to suggest that his identity was otherwise at issue at any time.[1]

¶6        Finally, Mercado argues his counsel was ineffective when counsel failed to move to suppress statements Mercado made to law enforcement officers. Mercado has failed to present a colorable claim for relief because he does not identify the statements at issue. Furthermore, he fails to explain when or specifically to whom he made the statements, whether the court admitted them at trial, and why counsel should have sought to suppress them. Mercado merely suggests that the statements were "involuntary."

¶7        If Mercado meant to refer to statements he made to law enforcement officers at the scene before officers read him his *Miranda*[2] rights, he also failed to present a colorable claim of ineffective assistance because we found no error on direct appeal regarding the admission of those statements. *Mercado* at *10, ¶ 19. If Mercado intended to refer to post-*Miranda* statements he made, he similarly failed to present a colorable claim of ineffective assistance because the post-*Miranda* admissions we identified

---

[1]        Identity was never an issue in this case. Mercado remained inside the residence with the victims until police ordered him to come out. *Mercado* at *3, ¶ 4. Mercado's primary complaint about the identifications is that all the victims claimed they did not know Mercado prior to the incident, yet they allegedly all knew his name and/or referred to him by name at trial. The victims' knowledge of Mercado's name by the time of trial does not, as claimed by Mercado, suggest that the prosecutor improperly coached the victims nor does it otherwise raise any question about the validity of their identification of Mercado as one of the two people who committed the offenses. Mercado offers nothing to suggest the victims falsely claimed to know him prior to the incident, or that they identified Mercado for any reason other than they simply recognized him as one of the perpetrators.

[2]        *Miranda v. Arizona*, 384 U.S. 436 (1966)

on direct appeal were cumulative to his pre-*Miranda* admissions. *Mercado* at *3-4, ¶¶ 4-6. In both his pre- and post-*Miranda* statements, Mercado admitted he and his accomplice went to the residence to rob the people inside. *Id*. Therefore, even if counsel had successfully excluded the post-*Miranda* admissions, the jury would still have heard Mercado's pre-*Miranda* admissions.

¶8        While the petition for review presents additional issues, Mercado did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶9        Based on the foregoing, review is granted and relief is denied.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama