NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CESAR DANIEL VASQUEZ-MORALES, *Petitioner*.

No. 1 CA-CR 13-0424 PRPC
FILED 12-23-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2008-180701-004
The Honorable George H. Foster, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Cesar Daniel Vasquez-Morales, San Luis
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie, Judge Patricia K. Norris and Judge Randall M. Howe delivered the decision of the court.

---

**PER CURIAM**:

**¶1** Cesar Daniel Vasquez-Morales petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the following reasons, grant review and deny relief.

**¶2** A jury convicted Vasquez-Morales of two counts of armed robbery. During trial, Vasquez-Morales pled guilty to two counts of misconduct involving weapons. The trial court sentenced Vasquez-Morales to an aggregate term of 12 years' imprisonment for all four counts. We affirmed Vasquez-Morales's convictions for armed robbery on direct appeal. *See State v. Vasquez-Morales*, 1 CA-CR 09-0598 (Ariz. App. Mar. 1, 2011) (mem. decision). Vasquez-Morales filed a pro se petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition, and Vasquez-Morales now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3** The petition for review properly presents three issues, all of which allege ineffective assistance of counsel. To state a colorable claim of ineffective assistance, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**¶4** Vasquez-Morales first argues that his counsel was ineffective in failing to move for a mistrial after the clerk of the court made reference to his prior felony conviction and status as an undocumented immigrant. We deny relief because Vasquez-Morales has failed to present a colorable claim of ineffective assistance. Counsel had no grounds upon which to move for a mistrial. The references came when the clerk read the indictment to the panel of prospective jurors during jury selection. Vasquez-Morales's

prior felony conviction and his immigration status were elements of the two counts of misconduct involving weapons, both of which were still pending because Vasquez-Morales had not yet chosen to plead guilty to those two counts. *See* A.R.S. §§ 13–3102(A)(4) (misconduct involving weapons based on status as prohibited possessor); –3101(A)(7) (definition of "prohibited possessor").

**¶5**        Vasquez-Morales also contends that his counsel was ineffective in failing to request an "identity instruction." We deny relief because Vasquez-Morales does not identify a specific "identity instruction" counsel should have requested nor does he explain how the trial court's final instructions were inadequate to inform the jury of the applicable law. Finally, Vasquez-Morales argues that his counsel failed to adequately challenge a witness's testimony regarding the color of the jacket the witness allegedly saw Vasquez-Morales wearing. We deny relief because Vasquez-Morales does nothing more than attack the sufficiency of the evidence and offer his own version of events. This is not sufficient to present a colorable claim of ineffective assistance of counsel.

**¶6**        While the petition for review presents additional issues, Vasquez-Morales did not raise those issues in the petition for post-conviction relief. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). While Vasquez-Morales argues that he raised some of these new issues in his reply, the trial court acted within its discretion in declining to address these new issues. Moreover, Vasquez-Morales also presented new issues in the reply he filed in this Court. Like the trial court, this Court will not consider arguments or issues first raised in a reply. *See State v. Watson*, 198 Ariz. 48, 51 ¶ 4, 6 P.3d 752, 755 (App. 2000).

**¶7**        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

3