NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALEXIS MARTIN TORREZ-RIVERA, *Petitioner*.

No. 1 CA-CR 13-0534 PRPC
FILED 2-5-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2011-164379-001
The Honorable Cari A. Harrison, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Alexis Martin Torrez-Rivera, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley and Judge Jon W. Thompson joined.

**G O U L D, Judge**:

¶1             Petitioner Alexis Martin Torrez-Rivera petitions this court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2             Torrez-Rivera pled guilty to armed robbery and misconduct involving weapons.   The trial court sentenced him to fifteen years' imprisonment for armed robbery and placed him on one year of probation for misconduct involving weapons.  Torrez-Rivera filed a pro se petition for post-conviction relief of-right after his counsel found no colorable claims for relief.  The trial court summarily dismissed the petition and Torrez-Rivera now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3             The petition for review properly presents one issue.  Torrez-Rivera argues that because his case was assigned to the "fast track" and the deadline to accept the State's plea offer was short, he did not have sufficient time or information to carefully consider pleading guilty versus going to trial and, therefore, his plea was not voluntary.

¶4             We deny relief.  Torrez-Rivera cites no authority for the proposition that a short deadline to accept a plea renders acceptance of that plea involuntary or that the State is otherwise required to afford a defendant a minimum amount of time to consider a plea before accepting or rejecting it.  Torrez-Rivera has also failed to present a colorable claim because he does not identify when the State made the offer or how many days he had to consider that offer.  Further, at the change of plea hearing, Torrez-Rivera acknowledged to the court that the plea was the result of a settlement conference the previous day, and the court that conducted the conference answered all of his questions.

¶5             While the petition for review presents additional issues, Torrez-Rivera did not raise those issues in the petition for post-conviction relief he filed below.  A petition for review may not present issues not first presented to the trial court.  *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶6**      We grant review and deny relief.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama