NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DONALD MERWIN ALLEN, II, *Petitioner*.

No. 1 CA-CR 13-0670 PRPC

FILED 2-24-2015

Petition for Review from the Superior Court in Yavapai County
No. V1300CR201280170
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Camp Verde
By Patti Marie Wortman
*Counsel for Respondent*

Donald Merwin Allen, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined

**G E M M I L L,** Judge:

¶1          Petitioner Donald M. Allen II petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          Allen pled guilty to two counts of child abuse and one count each of aggravated driving under the influence ("DUI") and endangerment. The trial court sentenced him to three years' imprisonment for one count of child abuse and placed him on an aggregate term of ten years' probation for the remaining counts. The original sentencing minute entry failed to specify individual terms of probation for the three counts and identified only the aggregate term. Finally, the court also ordered Allen to serve four months in jail for the second count of aggravated DUI.

¶3          Allen filed a timely "of-right" petition for post-conviction relief. Allen asserted the wording of the trial court's order regarding probation imposed terms of ten years' probation for both aggravated DUI and endangerment, even though the plea agreement provided Allen could receive no more than four years' probation for each of those two counts. He also argued the parties agreed he would serve his four-month sentence in prison, not the county jail. Finally, Allen argued his trial counsel was ineffective for failing to raise these issues at sentencing. The sole relief Allen sought was for the court to impose no more than four years' probation for the counts of aggravated DUI and endangerment, and for the court to order that he serve his four-month sentence in prison rather than the county jail.

¶4          The trial court agreed with Allen and held the sentencing minute entry required clarification. The court in turn gave Allen all the relief he sought. The court corrected the minute entry to provide for three years' probation for endangerment and four years' probation for aggravated DUI. The court ordered both of those terms of probation to run concurrently with the ten-year period of probation for child abuse. The court also corrected the minute entry to provide that Allen would serve his four-month sentence for aggravated DUI in prison rather than the county jail. Despite receiving all the relief he sought in his petition below, Allen now seeks review of the trial court's ruling. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶5          In his petition for review, Allen presents new claims he did not present below. Allen argues nobody told him he could receive ten years' probation on any count and that he was told the longest term of probation he could receive was four years. Allen argues his counsel was ineffective when he failed to raise these issues at sentencing. For unknown

reasons, Allen also continues to argue that he should be allowed to serve his four-month sentence for aggravated DUI in prison.

**¶6**           We deny relief. Regarding the new claims, a petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). Regarding the four-month sentence, as noted above, the trial court has already corrected this error.

**¶7**           We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED : ama

3