NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE RAMIREZ PORRAS, *Petitioner*.

No. 1 CA-CR 13-0558 PRPC
FILED 3-10-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2010-117851-002
Commissioner Patricia Ann Starr

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorneys' Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Jose Ramirez Porras, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined

**G E M M I L L,** Judge:

¶1        Petitioner Jose Ramirez Porras petitions this court for review of the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        Porras pled guilty to kidnapping and the trial court sentenced him to nineteen years' imprisonment. Porras filed a petition for post-conviction relief of-right after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Porras now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Porras presents several claims of ineffective assistance of both of his trial counsel.[1] To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶4        Porras challenged his competency more than once during the proceedings. Each time he did so, mental health experts found him competent to stand trial. The majority of the experts also found he was malingering. In the context of the competency issue, Porras argues his trial counsel were ineffective when they failed to inform the trial court that at least one of the experts determined his competency to stand trial was dependent on medication; when they failed to object to the determinations that Porras was competent; when they failed to investigate Porras's mental health history; when they failed to object to a specific expert the court appointed to evaluate Porras's competency; and when they failed to make sure the experts who evaluated him received a copy of a 2009 competency evaluation for the Department of Economic Security that found Porras was not competent to manage benefit payments from the Department.

¶5        We deny relief on these issues. The trial court was well aware that Porras's competency was medication-dependent and the court noted so in a minute entry. Regarding the failure to object to the determinations

---

[1] Porras changed counsel after he pled guilty.

that Porras was competent, counsel challenged Porras's competency and all of the mental health experts who evaluated him found him competent each time he did so. There was nothing more for counsel to do and Porras offers no persuasive evidence that he was not competent at all relevant times. Regarding the failure to investigate Porras's mental health history, Porras offers nothing but speculation and bald assertions that counsel failed to investigate sufficiently and he does not identify what benefit additional investigation would have provided. Regarding the failure to object to the court's use of a specific expert, Porras offers nothing to suggest that expert was not qualified to evaluate Porras's competency in an objective, fair and unbiased fashion or that the expert did not ultimately do so. Finally, the 2009 report for the Department of Economic Security evaluating Porras's competency to manage benefit payments was of very limited relevance, if any, to determinations of competency to stand trial months or years later.

¶6        Porras further argues his second counsel was ineffective when he failed to object to the trial court's determination that the offense was dangerous. Porras offers no explanation for why the offense, which involved the use of a firearm, was not dangerous. He has, therefore, failed to present a colorable claim for relief. Finally Porras argues the State breached the plea agreement during the sentencing proceedings when it referenced Porras's attempt to smuggle contraband into jail. He also argues his counsel was ineffective when he failed to object to this reference. We deny relief on these issues as well. The plea agreement provided the State would not "file charges of promoting prison contraband…" based on the incident. The State did not file charges and never agreed to avoid referencing the incident. At sentencing, the State referenced the incident as one of many examples of Porras's inability to adhere to rules. Further, there is nothing in the record to suggest the reference played any role in the court's determination of the appropriate sentence.

¶7        While the petition for review presents additional issues, Porras did not raise those issues in the petition for post-conviction relief he filed in the trial court. A petition for review may not present issues not first presented to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

¶8        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama