NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

TYWAN LAMAR JOHNSON, *Petitioner*.

No. 1 CA-CR 13-0719 PRPC

FILED 3-17-2015

---

Appeal from the Superior Court in Maricopa County
No. CR 2010-005426-017
The Honorable Joseph C. Kreamer, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Tywan Lamar Johnson, San Luis
*Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie, Judge Patricia K. Norris and Judge Randall M. Howe delivered the decision of the Court.

_____

**PER CURIAM**:

**¶1**  Petitioner Tywan Lamar Johnson petitions this Court for review from the dismissal of his notice of post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**  Johnson pled guilty to assisting a criminal street gang and two counts of sale of marijuana on or near schools. The trial court sentenced Johnson to six years' imprisonment for one count of sale of marijuana on or near schools and placed him on three years' probation for the other counts. Johnson did not file an of-right petition for post-conviction relief. Johnson now seeks review of the summary dismissal of his first untimely notice of post-conviction relief, filed nearly two years after the trial court sentenced Johnson. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**  We deny relief. Johnson's notice of post-conviction relief did not identify any issues for relief and did not explain why Johnson failed to raise any issues in a timely manner. When a defendant seeks to present issues in an untimely post-conviction relief proceeding, the defendant must set forth those issues in the notice of post-conviction relief. Ariz. R. Crim. P. 32.2(b). The notice must also explain why the defendant did not raise those issues in a timely manner. *Id.* If the notice fails to do so, "the notice shall be summarily dismissed." *Id.* The trial court did not err when it summarily dismissed Johnson's notice.

**¶4**  While the petition for review presents specific issues and arguments, Johnson did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991).

¶5        We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama