NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

SCOTT LEE DESHAW, *Petitioner*.

No. 1 CA-CR 13-0635 PRPC

FILED 4-21-2015

---

Petition for Review from the Superior Court in Maricopa County
No. CR 1994-011396
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Scott Lee DeShaw, Buckeye
*Petitioner*

Greenberg Traurig, LLP, Phoenix
By Stacey F. Gottlieb
*Counsel for Amicus Curiae*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the court, in which Chief Judge Diane M. Johnsen and Judge Peter B. Swann joined.

---

**G O U L D,** Judge:

¶1        Petitioner Scott Lee Deshaw petitions this court for review of the summary dismissal of his notice of post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury convicted Deshaw of armed robbery, kidnapping and first degree murder. Deshaw committed the offenses in 1994 when he was seventeen. The trial court sentenced Deshaw to imprisonment for natural life for murder and two consecutive terms of fifteen years' imprisonment for armed robbery and kidnapping. We affirmed Deshaw's convictions and sentences on direct appeal. *State v. Deshaw*, 1 CA-CR 97-0727 (Oct. 29, 1998) (mem. decision). Deshaw now seeks review of the summary dismissal of the notice of his third petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Deshaw contends the Supreme Court opinion in *Miller v. Alabama* constitutes a significant change in the law that required the trial court to vacate his sentence of natural life. *See* Ariz. R. Crim. P. 32.1(g) (significant change in the law as a ground for post-conviction relief); 32.2(b) (rule of preclusion does not apply to claims for relief based on Rule 32.1(g)). In *Miller*, the Supreme Court held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, __ U.S. __, 132 S.Ct. 2455, 2460 (2012). The court further held that a trial court may sentence a juvenile offender convicted of murder to life imprisonment without the possibility of parole so long as the court takes into account "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at ___, 132 S.Ct. at 2469.

¶4        We assume *arguendo* that *Miller* is retroactive. Even so, we deny relief. *Miller* prohibits *mandatory* life sentences without the possibility of parole for juvenile offenders. *Id.* at 2460. Deshaw's sentence to natural

life was not mandatory. The trial court had the option to sentence Deshaw to natural life or life with a possibility of parole after twenty-five years' imprisonment. Ariz. Rev. Stat. ("A.R.S.") § 13-703(A) (1994). Further, in its determination of the appropriate sentence, the trial court gave "great weight" to Deshaw's "youthful age" and "his emotional and moral immaturity." The court also gave "significant weight" to Deshaw's difficult childhood and "dysfunctional family experiences." Even so, the court believed Deshaw should spend the rest of his life in prison. Therefore, the court took into account "how children are different" and Deshaw's sentence to natural life complied with *Miller*.

**¶5**        While the petition for review presents additional issues, Deshaw did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues the petitioner did not first present to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).[1]

**¶6**        We grant review and deny relief.



**Ruth A. Willingham** · Clerk of the Court
F I L E D : ama

---

[1]        We also decline to address issues and arguments Deshaw himself did not present but which are contained in the amicus briefs filed in this court and below. *See Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 84 (1981) (amici curiae may not create, extend or enlarge issues).