NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EDWARD LAMAR CARPENTER, *Petitioner*.

No. 1 CA-CR 13-0811 PRPC

FILED 4-28-2015

Appeal from the Superior Court in Maricopa County
No. CR2009-007454-001DT
The Honorable Janet E. Barton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Office of the Attorney General, Phoenix
By Karin Tang Royle
*Counsel for Respondent*

Edward Lamar Carpenter, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

¶1 Petitioner Edward Lamar Carpenter petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2 A jury convicted Carpenter of five counts of fraudulent schemes and artifices and five counts of fraudulent schemes and practices. The trial court sentenced Carpenter to an aggregate term of twelve years' imprisonment and we affirmed his convictions and sentences on direct appeal. *State v. Carpenter*, 1 CA-CR 11-0083 (Ariz. App. Oct. 16, 1012) (mem. decision). Carpenter filed a pro se petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Carpenter now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3 Carpenter presents a number of claims of ineffective assistance of counsel. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶4 Carpenter first argues his trial counsel was ineffective when she failed to call lay and expert witnesses to testify at trial. Because Carpenter did not provide affidavits from the witnesses containing the testimony they would have provided, Carpenter has failed to present a colorable claim.[1] *State v. Borbon*, 146 Ariz. 392, 399 (1985). Carpenter also

---

[1] Carpenter conceded in the reply he filed below that he did not know what testimony any "banking experts" could have provided.

argues his trial counsel was ineffective when she failed to investigate other "mortgage elimination" or "mortgage abatement" programs to show they were similar to the "programs" that led to Carpenter's convictions. Carpenter has again failed to present a colorable claim for relief because he does not identify the programs counsel should have investigated, what information counsel could have obtained had she investigated the unidentified programs or how that information would have benefitted his defense.

¶5        Carpenter next argues his trial counsel was ineffective when she failed or refused to offer into evidence documents Carpenter provided to her.  Carpenter claims the documents would have shown why he believed what he was doing was legal.  The first document was a promissory note that was not related to any transaction at issue.  Carpenter did not submit the document for inclusion in the record but referenced it during trial and in his affidavit.  The second document was a copy of a 1933 joint resolution of the Congress of the United States "To Suspend The Gold Standard And Abrogate The Gold Clause."  The third document was an article from the internet by an unidentified author who, among other things, instructs the reader that a court of law has no jurisdiction over the reader if the caption of the case spells the reader's name in capital letters.

¶6        Carpenter has failed to present a colorable claim for relief. The reasonableness of counsel's actions may be determined by the information supplied to counsel by the defendant.  *Strickland*, 466 U.S. at 691.  A review of the documents shows counsel's failure and/or refusal to offer the documents into evidence was a sound strategic choice that did not fall below objectively reasonable standards.[2]   Strategic choices of counsel "are virtually unchallengeable." *Id.* at 690-691.  Carpenter has also failed to present a colorable claim because he has failed to demonstrate these documents had any relevance to his defense or his case in general or that there is a reasonable probability their admission would have changed the outcome of the proceeding.

¶7        Carpenter also claims his trial counsel was ineffective when she failed to object to the testimony of an FBI agent who mentioned that during his investigation he identified four other properties in various stages of Carpenter's mortgage abatement/elimination program.  Carpenter did not complete the "program" for those properties and they were not the subject of criminal charges.  Carpenter claims counsel should have objected,

---

[2]      The trial court noted it would exclude the promissory note as irrelevant if Carpenter offered it into evidence.

however, because the reference to those four other properties caused the jury to be prejudiced against Carpenter. Carpenter has failed to present a colorable claim for relief because he failed to show the reference prejudiced him. First, the trial court instructed the jury that the only transactions at issue were the five charged transactions. "Juries are presumed to follow their instructions." *State v. Dunlap*, 187 Ariz. 441, 461 (App. 1996). Second, Carpenter never denied he persuaded people to participate in his program to abate or eliminate their mortgages and never denied that he otherwise engaged in the conduct and activities charged. As Carpenter conceded in his petition below, the only issue at trial was whether Carpenter knew what he was doing was illegal. A brief reference to other properties participating in a program(s) Carpenter freely admits he operated and which the jury knew were not the subject of any criminal charges did not prejudice Carpenter.

¶8          Carpenter next contends his trial counsel was ineffective when she failed to adequately explain the court's "parameters" regarding what Carpenter could and could not say in his testimony. Carpenter has again failed to present a colorable claim. Carpenter does not explain "the parameters" the court put in place, his interpretation of the court's parameters, how his interpretation of the court's parameters was incorrect, how his alleged failure to understand the court's parameters prejudiced him, what further testimony he wanted to give but did not or could not, nor does he explain what more counsel should have explained about the court's parameters. Further, the record shows the trial court more than adequately explained the court's parameters to Carpenter.

¶9          Carpenter also argues counsel was ineffective when she failed to move for a mistrial when the trial court commented on the evidence; when she failed to object to a question about how Carpenter had previously filed fraudulent documents and when she failed to object to questions that referenced Carpenter's religion. We deny relief on these issues as well. We determined on direct appeal that the court's comments at issue were not an impermissible comment on the evidence. *Carpenter* at 7, ¶ 9. We further determined that no error arose from the prosecutor's reference to how Carpenter had previously filed fraudulent documents. *Id*. at 9, ¶ 13. Regarding questions about religion, Carpenter used religion to help persuade his victims to participate in his program, which he "backed [ ] up with scripture." As one witness testified, Carpenter mentioned God "a lot" when he persuaded the victim's to participate in his program. Therefore, Carpenter's use of religion was relevant. For these reasons, counsel's failure to move for a mistrial and/or object in these three instances did not fall below objectively reasonable standards.

**¶10** Carpenter also contends his appellate counsel was ineffective. Carpenter argues appellate counsel was too busy to devote enough time to Carpenter's case and failed to raise a "possible" jurisdiction issue on appeal. Carpenter has failed to present a colorable claim for relief because he does not identify the "possible" jurisdiction issue counsel should have raised and does not identify any other issue or argument counsel failed to present on appeal.

**¶11** Finally, Carpenter argues the trial court erred when it failed to designate as a misdemeanor a prior conviction in a 2003 case. We deny review because Carpenter did not raise this issue as part of the Rule 32 proceedings below. Carpenter raised this issue in a "Motion for Correction of Error" he filed pursuant to Rule 24.4 after the court dismissed his petition for post-conviction relief. A petition for review from the denial of post-conviction relief may not present issues not first presented to the trial court in the petition for post-conviction relief. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). Further, if Carpenter wishes to raise this issue in a post-conviction relief proceeding, he must do so in a timely petition for post-conviction relief in the 2003 case.

**¶12** We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama