NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FOX JOSEPH SALERNO, *Petitioner*.

No. 1 CA-CR 14-0082 PRPC
1 CA-CR 14-0306 PRPC
(Consolidated)
FILED 1-12-2016

Appeal from the Superior Court in Maricopa County
No. CR2001-006753
The Honorable Arthur T. Anderson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Fox Joseph Salerno, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

**T H O M P S O N,** Judge:

**¶1**        Petitioner Fox Joseph Salerno petitions this court for review from the summary dismissal of his seventh and eighth post-conviction relief proceedings. We have considered the consolidated petitions for review and, for the reasons stated, grant review and deny relief.

**¶2**        A jury convicted Salerno of fraudulent schemes and artifices, two counts of trafficking in stolen property and two counts of burglary in the third degree. The trial court sentenced Salerno to an aggregate term of 15.75 years' imprisonment and ordered that he serve these sentences consecutively to his prison sentence in an unrelated matter. We affirmed Salerno's convictions and sentences on direct appeal. Salerno now seeks review of the summary dismissal of his seventh and eighth successive post-conviction relief proceedings. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statute (A.R.S.) section 13-4239(C) (2010).

I.        The Seventh Post-Conviction Relief Proceeding

**¶3**        Salerno properly presents one issue in his petition for review of the dismissal of the seventh post-conviction relief proceeding. Salerno argues he has newly discovered evidence that the State's main investigator and the primary witness against him, Detective Mitchell, had a niece who was an "executive" who worked for the corporate victim. Salerno argues this constituted a conflict of interest that the detective and the State should have disclosed. The newly discovered evidence is the 2013 obituary of the purported niece.

**¶4**        We deny relief. Salerno provided no evidence to the trial court to support his claim; he merely made the allegation. It is only on review that he provides a copy of an obituary from a newspaper. We will not consider matters a defendant does not first present to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467, 616 P.2d 924, 927 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

We deny relief even if we consider the obituary because the obituary does nothing more than announce the death of a woman with the last name "Mitchell" who, at some unidentified time, worked for four different entities, one of whom appears related to the corporate victim in this case. In no way does it suggest the decedent was in any way related to the detective in this case.

**¶5**        While the petition for review in the seventh proceeding arguably presents additional issues, Salerno did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *Id.*

II.        The Eighth Post-Conviction Relief Proceeding

**¶6**        In his petition for review of the dismissal of the eighth post-conviction relief proceeding, Salerno argues he has newly discovered evidence of ineffective assistance of his trial counsel. Salerno argues his trial counsel never informed him of a plea offer the State made in November 2000 that would have allowed Salerno to plead guilty to a single count of theft and receive probation. Salerno claims he only recently learned of the plea offer after an attorney representing him in a civil matter discovered the offer in the prosecutor's file.

**¶7**        We deny relief because Salerno failed to present a colorable claim. First, there is nothing in the letter from the civil attorney to Salerno to suggest the attorney found a plea offer or any other document related to this case in her review of any file. Second, there is nothing to indicate the letter that extended the plea offer is related to this case rather than one of Salerno's other criminal matters. The letter does not identify a cause number and the appearance of the letter suggests identifying information that may have appeared in the subject line under the case name may have been removed and/or obfuscated. Further, the letter states that the proposed plea form is attached. That plea form would have identified a cause number and other details which might have established a connection to the instant case, but Salerno did not include a copy of the proposed plea. Finally, we note the letter that extended the plea offer is dated November 30, 2000, explains the offer expires on February 23 and indicates the state has already provided disclosure to defense counsel. The grand jury did not indict Salerno in the instant case until May 3, 2001, more than five months after the date of the letter. Therefore, Salerno has failed to establish that the

letter and the offer referenced within are related to the instant case rather than one of Salerno's other criminal matters.[1]

**¶8** While Salerno's petition for review in the eighth proceeding arguably presents additional issues, Salerno did not raise those issues in the petition for post-conviction relief he filed below. Again, a petition for review may not present issues not first presented to the trial court. *Id.*

III. Conclusion

**¶9** We grant review and deny relief.



**Ruth A. Willingham · Clerk of the Court**
F I L E D : ama

---

[1] While these are not the express grounds upon which the trial court dismissed the petition, we may affirm a result on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).