NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAY CAMERON THOMAS, *Petitioner*.

No. 1 CA-CR 16-0265 PRPC
FILED 7-20-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2008-173994-001
CR2009-174291-001
CR2011-105500-001
CR2013-000500-001
The Honorable William L. Brotherton, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Robert E. Prather
*Counsel for Respondent*

Jay Cameron Thomas, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

**M c M U R D I E**, Judge:

¶1            Petitioner Jay Cameron Thomas petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2            In Maricopa County cause number CR2013-000500-001, Thomas pled guilty to one count of fraudulent schemes and artifices with one historical prior conviction. The plea agreement contained a stipulation that Thomas would be sentenced to the Arizona Department of Corrections for 17 years. In exchange for the stipulated sentence, the State agreed to dismiss 20 counts, further enhancement allegations, and stipulate to concurrent sentences on three probation revocation matters. The superior court sentenced Thomas as stipulated in the plea agreement. Thomas filed a timely *pro se* petition for post-conviction relief alleging ineffective assistance of counsel for failing to investigate the case, ineffectively communicating with him about his case, and not obtaining a lesser sentence in the plea offer. The superior court summarily denied his petition.

¶3            In his petition for review, and reply, Thomas reiterates the nature of his claim regarding ineffective assistance of counsel in the plea process, but raises a completely different argument on the issue. In the petition for review, Thomas raises, for the first time, the argument that both his plea/sentencing counsel were ineffective for not advising him that he could plead directly to the superior court without a plea agreement, which would have preserved his right to present mitigation in the hopes of

obtaining a lesser sentence of 4.5 years.[1] Thomas claims that under *State v. Donald*, 198 Ariz. 406 (App. 2000), he was not given enough information to make an informed decision as to this course of action. He does not reiterate any of his claims that were presented in his original petition for post-conviction relief.

**¶4**         Issues not presented to the superior court may not be presented in the petition for review to this court. Ariz. R. Crim. P. 32.9(c)(1); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980). Thomas's arguments and issues were not raised in the superior court, and therefore cannot be considered in the petition for review.

**¶5**         Therefore, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1]         Thomas' claim operates under the erroneous assumption that if he pled guilty to the court, he would not be subject to other possible enhancements. Thomas is mistaken in that belief. If Thomas had pled guilty without a plea agreement, the State could have proceeded to prove the sentencing allegations to the court. These allegations included the claim that Thomas had at least two prior felony convictions, and the crimes were committed while he was on probation. If proven, these allegations would have brought his sentence on one of the original 21 substantive counts to no less than 15.75 years in prison, with a range up to 35 years. Also, by pleading guilty without a plea agreement, Thomas would have faced consecutive prison sentences on his three probation cases. *See* A.R.S. § 13-708(c).