NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JONATHAN ANDREW ARIAS , *Petitioner*.

No. 1 CA-CR 13-0548 PRPC

FILED 5-21-2015

Petition for Review from the Superior Court in Maricopa County
No. CR 1999-012663
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Responden*t

Jonathan Andrew Arias, Buckeye
*Petitioner*

Greenberg Traurig, L.L.P., Phoenix
By Stacey F. Gottlieb
*Counsel for Amicus Curiae of the* Arizona Justice Project

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

**W I N T H R O P**, Presiding Judge:

¶1        Petitioner, Jonathan Andrew Arias, petitions for review of the summary dismissal of his notice of post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P.  After considering the petition for review, we grant review and deny relief for the reasons stated below.

¶2        Arias pled guilty to two counts of first degree murder, two counts of second degree murder, two counts of kidnapping, four counts of armed robbery, and one count each of first degree burglary, conspiracy to commit first degree murder, and conspiracy to commit armed robbery. Arias committed the offenses in 1999, when he was sixteen years old.  The trial court sentenced Arias to consecutive terms of imprisonment of natural life for each count of first degree murder and eleven terms of eighteen years' imprisonment for each of the remaining counts.  Arias now seeks review of the summary dismissal of his second notice of post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        Arias contends the Supreme Court opinion in *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), constitutes a significant change in the law that required the trial court to vacate his sentences of natural life. *See* Ariz. R. Crim. P. 32.1(g) (recognizing a significant change in the law as a ground for post-conviction relief); 32.2(b) (stating the rule of preclusion does not apply to claims for relief based on Rule 32.1(g)).  In *Miller*, the Supreme Court held "that mandatory life [sentences] without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  ___ U.S. at ___, 132 S. Ct. at 2460.  The court, however, did not ban outright sentences of life imprisonment without the possibility of parole for juvenile offenders convicted of murder.  *Id.* at ___, 132 S. Ct. at 2469.

¶4        We assume *arguendo* that *Miller* is retroactive.  Even so, we deny relief.  *Miller* prohibits *mandatory* life sentences without the possibility of parole for juvenile offenders.  *Id.* at ___, 132 S. Ct. at 2460.  Arias's sentences to natural life were not mandatory.  *See* Ariz. Rev. Stat. § 13-

703(A) (1989 & Supp. 1998) (providing the available sentences for first degree murder at the time of the crimes). Although Arias stipulated to the imposition of natural life sentences as part of the plea agreement, this did not render his sentences "mandatory" in the constitutional sense, and Arias does not contend otherwise.

¶5        Although the petition for review presents additional issues, Arias did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues the petitioner did not first present to the trial court. *See State v. Ramirez*, 126 Ariz. 464, 467-68, 616 P.2d 924, 927-28 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577-78, 821 P.2d 236, 238-39 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).[1]

¶6        For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[1]      We also decline to address issues and arguments Arias himself did not present, but which are contained in the amicus briefs filed in this court and below. *See Town of Chino Valley v. City of Prescott*, 131 Ariz. 78, 84, 638 P.2d 1324, 1330 (1981) (stating that amici curiae may not create, extend, or enlarge the issues).