NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ALBERT MAURICE[1] SMITH, *Petitioner.*

No. 1 CA-CR 14-0664 PRPC
FILED 9-22-2016

Petition for Review from the Superior Court in Maricopa County
No. CR2011-105867-001
The Honorable Kristin C. Hoffman, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Albert Maurice Smith, Florence
*Petitioner Pro Se*

---

[1]      Petitioner refers to himself as Albert Vaughn Smith in his pleadings. All other pleadings in the record refer to him as Albert Maurice Smith.

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1        Petitioner Albert Maurice Smith petitions this court for review from the dismissal of his petition for post-conviction relief.  A jury found Smith guilty of aggravated assault and we affirmed his conviction and sentence on direct appeal.  Smith argues his first counsel failed to inform him of a plea offer that would have allowed him to receive a lesser sentence. We deny relief because Smith has failed to show his first counsel's performance fell below objectively reasonable standards.

¶2        Smith was offered a "Fast Track" plea agreement at the time of the preliminary hearing.  However, Smith's counsel requested a determination of probable cause and a Rule 11 evaluation.  Smith's counsel noted that he did not inform Smith of the offer because he did not believe Smith was competent or that Smith understood any of their discussions. The court ordered the evaluation.  Smith later obtained new counsel, but the "Fast Track" offer had expired.  Under these circumstances, Smith's first counsel's performance did not fall below objectively reasonable standards when counsel made the decision not to inform Smith of the "Fast Track" plea agreement.  Additionally, Smith failed to show any prejudice resulting from the alleged deficiency in representation.  Smith did not contend he would have accepted the "Fast Track" agreement, had he known about it. Therefore, he failed to present a colorable claim because he failed to show that he suffered any prejudice. *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1409 (2012).

¶3        Smith argues the trial court should have returned the petition to him pursuant to Rule 32.5 of the Arizona Rules of Criminal Procedure to allow him to comply with the rules.  However, the scope of Rule 32.5 limits the court's ability to return a petition to a defendant for the purpose of correcting failures regarding the form and contents of the petition; not to supplement a petition with new claims and theories of relief after the court has ruled on the petition.  While Smith argues for the first time in his petition for review that he would have accepted the offer, a defendant may

not present issues in arguments in a petition for review that the defendant did not first present to the trial court. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶4**        We grant review but deny relief.

